GEORGE F. ROLLINS ET AL., PLAINTIFFS IN ERROR, v. THE ATLANTIC CITY RAILROAD COMPANY, DEFEND-ANT IN ERROR.

Argued March 1, 1904—Decided June 20, 1904.

1. In an action to recover possession of land or damages for an injury to land, the plaintiff must either show a title derived from an acknowledged owner or from an authority having power to transmit title, or must show possession by himself or by someone from whom his title comes. A deed to himself from a person not appearing to have had title or possession is insufficient.
2. A judgment of nonsuit, rendered because the plaintiff did not appear when the jury returned into court to deliver their verdict, is illegal.

On error to the Atlantic Circuit Court. Tried at the Atlantic Circuit before Hendrickson, Justice, and a jury, and a judgment of nonsuit ordered.

For the plaintiffs in error, *Gilbert Collins.*

For the defendant in error, *Thompson & Cole.*

The opinion of the court was delivered by

DIXON, J. This action is brought to recover damages for the destruction of wood growing on a large tract of land in Atlantic county, which, it was alleged, had been set on fire in April, 1900, by sparks from a locomotive engine of the defendant company.

The plaintiffs claimed as heirs of Daniel G. Rollins, deceased.

The bill of exceptions sealed at the trial in Atlantic Circuit states that a nonsuit was there ordered, because the plaintiffs had not produced sufficient evidence either that the engine said to have started the fire was run by the defendant or that the plaintiffs had such right to the land as would entitle them to damages.

On the first cause assigned for nonsuit we differ with the trial court, but it is not necessary to refer to the evidence in detail as no legal principle is involved.

As to the second cause we find no error. To establish a right to damages it was requisite that the plaintiffs should show title to the land or possession of it.

So far as the evidence of mere possession went, it indicated that Anna R. McGrath had been in possession for over twenty years and, although it is suggested by counsel in argument here that the plaintiffs acquired title under a grant made by her when by marriage her name had been changed, we find nothing in the case which can be deemed evidence of that fact legal against the defendant.

To prove title the plaintiffs put in evidence a deed from James E. Hood and wife to the Winslow and Richland Railroad Company, dated November 4th, 1892, duly acknowledged and recorded, purporting to convey about six acres of land, "part of the premises conveyed to James E. Hood by Anna Richards Coxe and her husband by deed dated February 10th, 1892." This plot of six acres formed a strip sixty feet wide, which was occupied by the railroad whereon the engine in question ran. This evidence warranted an inference against the grantee, the Winslow Railroad Company, that on February

10th, 1892, the grantor, Hood, became owner of the tract from which the six acres were taken.

The plaintiffs also put in evidence a deed from James E. Hood and wife to Daniel G. Rollins, dated July 6th, 1895, duly acknowledged and recorded, purporting to convey a tract of ten thousand acres by a description embracing the six-acre strip and also embracing the burned territory, which adjoined that strip.

It was admitted by the defendant that Daniel G. Rollins died intestate August 30th, 1897, and that the plaintiffs were his heirs.

If it be inferred, as we think it might be, that the tract of ten thousand acres was the "premises" referred to in the deed from Hood to the Winslow Railroad Company as having been conveyed by Coxe to Hood, then we have, as against that company, sufficient evidence of the plaintiffs' title to the burned district.

The legitimate scope of this evidence might be extended so as to affect the defendant by showing that the defendant was in possession of the sixty-foot strip under the Winslow company; but nothing of that kind appears. There is no evidence that the Winslow company built the railroad now on that strip, or was ever in possession of it. The defendant's occupation seems to be under three deeds: a deed dated April 27th, 1898, made by a commissioner appointed by the Circuit Court of the United States for this district in a cause wherein the Harlan & Hollingsworth Company was complainant and the South Jersey Railroad Company and the Trust Company of North America were defendants, in which deed Linderman and Robb were the grantees; a deed dated April 28th, 1898, made by Linderman and Robb to the Seacoast Railroad Company; and a lease dated May 2d, 1898, made by the Seacoast Railroad Company to the defendant for nine hundred and ninety-nine years. There is no indication that any rights of the Winslow company were transmitted by these deeds.

Consequently we discover in the case no evidence legitimate

against this defendant, that the plaintiffs had either title or possession at the time of the fire unless we sustain the position now taken on behalf of the plaintiffs, that the deed to their ancestor, made by Hood July 6th, 1895, and duly acknowledged and recorded, is *prima facie* sufficient evidence of title against everybody.

This position is defended by the decision of the Supreme Judicial Court of Massachusetts in *Ward* v. *Fuller,* 15 *Pick.* 185, followed in *Farwell* v. *Rogers,* 99 *Mass.* 33. But it should be noticed that the court in the earlier case did not cite any authority in support of its decision; on the contrary, its language indicates a purpose to establish a new rule of evidence, and we have found no case elsewhere adopting the same rule.

In New Jersey the practice has always been to require that the plaintiff in an action to recover possession of land or damages for an injury to land should either show a title derived from an acknowledged owner or from an authority having power to transmit title, or should show possession by himself or by someone from whom his title comes. In *Troth* v. *Smith,* 39 *Vroom* 36, our Supreme Court declared this to be the settled rule, and that declaration accords with the experience of all the members of this court.

We are of opinion that the plaintiffs did not produce sufficient evidence of their right, and therefore that no error warranting reversal is disclosed by the bill of exceptions.

But there is manifest error in the record of the judgment. It is there averred that the plaintiffs were nonsuited because, when the jury had agreed upon their verdict and returned to the bar of the court to deliver it, the plaintiffs, being solemnly called, came not. For such a cause judgment of nonsuit was warranted at common law. *Bauman* v. *Whiteley,* 28 *Vroom* 487. But the practice in this respect was changed in 1862 by rule of the Supreme Court (*Nix. Dig.* 1868, *p.* 1087, § 81), which regulation is now embraced in section 160 of the Practice act of 1903.

For this error the judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.   12.