JOSEPH SCHMITT, respondent,

*v.*

HENRY TRAPHAGEN et al., appellants.

[Argued July 5th, 1907. Decided March 13th, 1908.]

1. Where the description of lands by metes and bounds as given in a deed actually closes, and the only apparent error is in one of the distances which is controlled by a division line as a monument, the location of which is not disputed, the question is one of construction of the deed and for the court; it is not a question of locating the description upon the ground, which would be for the jury.

2. A grantee is not estopped to deny his grantor's title, except under special circumstances not present in this case.

3. Where a grantee by deed acquires title to a portion of the land described and takes possession of that portion only, he does not thereby acquire constructive possession of the remaining land as against the real owner.

4. Where two titles to land overlap, and each claimant has possession of a portion of his. tract outside the overlap, the constructive possession of the overlap follows the real title.

On appeal from an order advised by Vice-Chancellor Garrison. whose opinion is reported in *72 N. J. Eq. (2 Buch.) 665.*

*Messrs. Collins & Corbin,* for the appellants.

*Mr. Maximilian T. Rosenberg,* for the respondent (*Mr. Edward Russ,* on the brief).

The opinion of the court was delivered by

SWAYZE, J.

This is a case of a feigned issue out of chancery on a bill to quiet title. The complainant was plaintiff, and a verdict was directed in his favor. An application for a new trial was denied by the chancellor and this appeal taken.

In 1795, John Stevens conveyed part of a tract of land owned by him to Merseles Merseles, under whom the defendants claim. In 1839, Stevens' successors in title conveyed the remainder of the tract to the Hoboken Land and Improvement Company, under whom the plaintiff claims. The first question is whether the land conveyed in 1795 included the tract of the defendants. The trial judge instructed the jury that under the deeds the plaintiff's title was complete. The appellants contend that he erred in this instruction, since there was, at least, a jury question as to the location of the land conveyed. We agree with the trial judge that the question is one of construction of the deed and not of location upon the ground. The description contained in the deed presents, in itself, no difficulty except that the last course but one runs eight chains to a corner on the line between the said Sale Marsalis (*i. e.,* Merseles Merseles) and John Stevens. The distance, in fact, is only six chains, but since the line between Merseles and Stevens is a monument, it controls the distance (*Passage* v. *McVeigh, 23 N. J. Law (3 Zab.) 729*), and since the location of that division line was not disputed, it was unnecessary to have its actual location determined by a jury.

The defendants argue that the monument is not this division line but a corner on the line, and that the expression must mean an already established corner and not the new corner formed by the conveyance itself. But this also involves a question of construction and not of actual location on the ground. We think the construction adopted by the judge was correct. It is quite as much in harmony with the natural meaning of the words as the construction contended for by the defendants, and unlike the latter, does not require the assumption that a course was omitted from the description. Such an assumption ought not to be made in a case where the description, as given, closes, and errs only in making one distance too great, especially since this error may be explained by the precipitous nature of the ground.

The next question is whether Schmitt is estopped by the fact that in 1869, and long before he purchased, the Hoboken Land and Improvement Company bought of the defendants or their predecessors in title, another tract, a portion of the land con-

veyed by the deed of 1795, and included in their purchase land which did not belong to. the grantors if the plaintiff's construction of the deed is correct. The deed of 1869 was a mere bargain and sale deed with a covenant against the grantor's acts. The grantee, except under special circumstances, not present in this case, is not estopped to deny the grantor's title to the land conveyed. *Rawle Cov. Tit. § 268; Robertson* v. *Pickrell, 109 U. S. 608; Greene* v. *Couse, 127 N. Y. 386; 28 N. E. Rep. 15. A fortiori,* he is not estopped to deny the title to other land even though the chain of title may be identical.

Nor did the deed of 1869 amount to a practical location of the boundary by the acquiescence of the Hoboken Land and Improvement Company. It may have amounted to a recognition of a claim of the boundary by the defendants and a willingness on the part of the land and improvement company to buy the title whatever it was, .so far as concerned the land in question, but it lacks the elements of a practical location.

The last question in the case is whether there was evidence of adverse possession sufficient to require that the case be submitted to the jury. We fail to find in the case evidence of adverse possession of the *locus in quo* for the requisite length of time. The defendants' case, in this respect, rests upon acts of possession on land included in a deed made in 1823, which conveyed not only the land in dispute but also land to which the title of defendants' predecessors in title is unquestioned, and the proposition is that quarrying on any part of the tract was evidence of a possession co-extensive with the boundaries of the deed of 1823. The subject of possession under color of title was thoroughly discussed by this court in *Foulks* v. *Bond, 41 N. J. Law (12 Vr.) 527,* and it was held (at *p. 550*) that acts of ownership, in places upon the tract, were considered as competent evidence of possession of the whole, where there was a unity of character in the location. The unity of character there referred to was of physical character but the same reasoning would be applicable to the character of the title of the disseizor; a tract to which he had a legal title would, in contemplation of law, be distinct from a tract to which he had no title, and possession of

one would not necessarily be possession of the other, even though they were contiguous and embraced in the same conveyance. The reason is obvious. His possession, in order to ripen into a right must be adverse and hostile, visible or notorious. An actual possession of land which he owns would give no notice to the real owner of the other tract of a claim upon the latter, and would not even suggest an examination of the records to ascertain what land was included within the bounds of his deed, and that deed might not even be recorded. The cases therefore hold with good reason that the occupation of that part of the land to which the grantor had title will not give the grantee constructive possession of the other part to which he had no title so as to disseize the real owner. *1 Cyc. 1130; Turner* v. *Stephenson,* *72 Mich. 409; White* v. *Burnley, 20 How. 235.* The present case seems to be one where the land described in the deed of 1823 overlaps another tract, part of which was in the possession of the Hoboken Land and Improvement Company. In such cases the constructive possession under color of title yields to constructive possession under the real title. *Clark* v. *Courtney, 5 Pet. 319; Hunnicutt* v. *Peyton, 102 U. S. 333.*

The order should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—12.

*For reversal*—None.