RAYMOND T. PARROT, RECEIVER, RESPONDENT, v. JAMES R. NUGENT, APPELLANT.

Argued June 22, 1917—Decided January 31, 1918.

1. At the trial of an action in ejectment, under the statute (*Comp. Stat., p.* 2061. ¶ 40), the question at issue shall be whether the plaintiff is entitled to recover possession of the premises.
2. The office of a bill of particulars of the party's claim of title to the premises, in an action of ejectment, confines the evidence of title to the matters contained therein; when offered in evidence, it is an admission against the party delivering it, of what such party claims, but it cannot be taken as proof of the facts stated therein, they must be proved like any other facts.
3. The appointment of a receiver, by the Chancellor, includes a power to take into possession the lands and tenements of the defendant corporation and vests them in the receiver.
4. Payment of taxes is not evidential to support title; nor evidence of possession, in an action of ejectment.

On appeal from the Supreme Court.

For the appellant, *George W. Anderson* and *Frank E. Bradner.*

For the respondent, *George W. C. McCarter.*

The opinion of the court was delivered by

BLACK, J. This was an action of ejectment brought to recover the possession of three tracts of land, with the appurtenances, situate in the city of Elizabeth. The case was tried at the Union Circuit, resulting in the direction of a verdict by the trial judge, in favor of the plaintiff, at the close of the case. The grounds of appeal are, first, error by the trial court in admitting in evidence a certified copy of the order of the Court of Chancery, appointing the plaintiff receiver of the Driggs Drainage Company; second, error in the court's refusal of the defendant's motion to nonsuit the plaintiff, and

third, error in directing a verdict in favor of the plaintiff. A bill of particulars of the defendant's claim of title to the premises was demanded and served, in pursuance to paragraphs 25, 26, 27 of the Ejectment act. *Comp. Stat., p.* 2058. The bill of particulars thus served was put in evidence by the plaintiff. This, by section 27, confined the evidence of title, on the part of the defendant, to the matters contained therein. It is also legitimate evidence in the cause under the case of *Lee* v. *Heath,* 61 *N. J. L.* 250; it is also an admission against the party delivering it, from which the fact in this case appeared that the defendant claimed possession under the title of the Driggs Drainage Company, so does the plaintiff, as appears from the complaint; as both parties claimed title under the Driggs Drainage Company, it was only necessary for the plaintiff to prove that he had succeeded as receiver to its rights, in order to prove a right of possession and therefore avoid a nonsuit. It was not necessary to go beyond that, and under section 40 of the Ejectment act (*Comp. Stat., p.* 2061), if both parties appear at the trial, the question then shall be whether the plaintiff is entitled to recover the possession of the premises.

The plaintiff made no proof by conveyances, or otherwise, that he had title or right to the possession of the premises except defendant's bill of particulars, which is, as stated above, an admission of what the defendant claims, and a certified copy of the order of the Court of Chancery, dated the 15th day of June, 1915, appointing the plaintiff receiver of the Driggs Drainage Company.

The defendant in the bill of particulars of his "claim of title" set out that the Driggs Drainage Company was organized under the laws of New Jersey, three deeds by different parties to the Driggs Drainage Company, the dissolution of the company in or about 1883, death of all the incorporators and surviving directors of that company, naming seven, and a deed from the oldest son, William J. Merrill, of the last surviving director, Henry J. Merrill, to the defendant. This bill of particulars, as stated, was offered in evidence by the plaint-

iff as his only proof of title; his contention is, that it is sufficient, as an admission by the defendant, that the defendant claims title from the Driggs Drainage Company, under whom the plaintiff claims. The plaintiff, claiming as receiver of the company, and the defendant, as grantee of the eldest son of the last surviving trustee, on the question of nonsuit, it was sufficient for the plaintiff to have made a *prima facie* case; he did so, to the extent of showing title in the company he claims to represent, for the bill of particulars shows that the defendant claims under the Driggs Drainage Company's title, and hence, as to him, the receiver of the company was entitled to the possession, and therefore the nonsuit was properly refused.

Furthermore, the complaint sets out that the plaintiff was appointed receiver of the corporation, and that, as such, he demanded possession of the land. The defendant by his answer admitted this charge in the complaint, hence it was not necessary to prove it, but a certified copy of the order appointing the plaintiff receiver was put in evidence. This was not error. So, it appeared, at the close of the plaintiff's case, that he had been appointed by the Court of Chancery the receiver of a corporation incorporated under the laws of the state, with the powers given to receivers of corporations, which includes the power to take into possession the lands and tenements owned by the corporation and vest them in the receiver. This, as stated above, established a *prima facie* case for the plaintiff.

The only other and last ground of appeal is, that the trial court, at the close of the case, gave judgment for the plaintiff, contrary to the rule of law applicable to the facts. The only evidence that the defendant put in was the deed from William J. Merrill, oldest son of Henry W. Merrill, the last surviving director, to the defendant, dated April 12th, 1915, and the payment of taxes on the land since that time.

It is argued that the corporation was dissolved in 1883, that all the directors are dead, that the eldest son of the last surviving director conveyed the land to the defendant. There

is no proof that the corporation was dissolved in 1883; the utmost is that it ceased to do business in 1883.

This makes it unnecessary to pass upon the question whether such statutory trustees take a title inheritable by the eldest son. It seems hardly necessary to refer to the point urged by the defendant or to add that as the defendant made no attempt to prove the recitals of fact contained in his deed or in his bill of particulars, he cannot have any benefit from them unless proved.

The fact that the plaintiff put the defendant's bill of particulars in evidence cannot be taken by the defendant as proof of all the facts stated therein. It is an admission by the defendant of what he claims, the plaintiff by thus using it, puts that fact in evidence, but he does not put in evidence, nor can he by that means, the truth of such facts so stated. They must be proved by the defendant like any other facts. This seems to be elementary. The payment of taxes is not evidence to support the defendant's title (*Troth* v. *Smith,* 68 *N. J. L.* 36); nor, in any sense, evidence of possession. *Jay* v. *Stein,* 49 *Ala.* 514, 522; *Chastang* v. *Chastang,* 141 *Id.* 451; *Sorber* v. *Willing,* 10 *Watts* (*Pa.*) 139.

Finding no error in the record, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.