THERESA A. C. WITTKE ET AL., RESPONDENT, v. RICHARD O. WITTKE AND ANNA L. WITTKE, APPELLANTS.

Submitted May 29, 1925—Decided October 19, 1925.

1. An appellant will not be permitted to raise in this court a point not taken at the trial of the cause.

2. In an action of ejectment it is sufficient to trace the plaintiff's title back to a common source, provided defendant does not claim by any other title and plaintiff's title so derived is superior.

3. No claim of title by adverse possession can be successfully maintained where the possession of the claimant rests upon the permission of the title holder. Hostility in the possession of the *locus in quo* is an essential element to establish title by adverse possession.

On appeal from the Supreme Court.

For the appellants, *Earl A. Merrill.*

For the respondents, *Paul Q. Oliver.*

The opinion of the court was delivered by

KATZENBACH, J.   Richard O. Wittke and Anna L. Wittke, the defendants in an action of ejectment instituted in the Supreme Court and tried at the Union Circuit, appeal from a verdict directed in favor of the plaintiffs.

On April 23d, 1901, Edward Lichtenstein was the owner of a lot in the city of Westfield, in Union county, located on Orchard street. On that day Lichtenstein conveyed the westerly half of said lot to Charles F. W. Wittke, and the easterly half to Richard O. Wittke, the cousin of Charles. Richard recorded his deed. Charles did not record his deed. The deed to Charles was not recorded until September 6th, 1923, which was after his death. In 1903 Richard built on the easterly half which had been conveyed to him a house. Charles supervised for Richard the erection of the house. Charles permitted the building materials to be placed upon his lot while the house of Richard was being built. Charles

also permitted Richard in the year 1904 to grade and seed his lot and use it as a garden. Richard subsequently paid the taxes upon it. According to Richard the lot was to become his property when he paid Charles $500 for it. Richard never paid the $500. This was the situation when Charles died. Charles left no will. There survived him a widow and four children. Richard would not give them possession of the lot. The heirs of Charles then instituted the present action of ejectment. Richard and his wife answered the complaint. They admitted that they were in possession of the lot. They averred that the plaintiff had not maintained any action for any right, title or interest in said lands for twenty years, and claimed that they held the same by adverse possession. At the trial the plaintiffs proved the death of Charles, intestate, his heirs, and offered in evidence the deed to Lichtenstein, the deeds made by Lichtenstein and wife to Charles, and the deed made by Lichtenstein to Richard, and rested. Richard then testified to the payment of the taxes, his use of the land as a garden, and the arrangement with Charles to the effect that when he could pay Charles $500 the lot was to be deeded to him. At the conclusion of the testimony offered for the defendants a motion to direct a verdict for the defendants and a motion to direct a verdict in favor of the plaintiffs were made by their respective counsel. The trial court directed that a verdict be entered in favor of the plaintiffs. The grounds for this ruling were that the proofs showed that the plaintiffs held title to the land in question; that payment of the taxes and the use of the land as a garden by Richard did not divest them of their title, and that the defendants had offered no evidence of adverse possession, as Charles had permitted the defendants to use the premises, and, hence, their possession lacked the element of hostility which is essential to adverse possession. From this directed verdict the defendants have appealed.

The first contention made by the appellants is that the deed of Lichtenstein to Charles was, in effect, a mortgage in favor of Richard, and that the right of entry by the respondents was barred by the statute. This was not made a

ground of the motion to direct a verdict for the appellant. The record shows that the grounds stated by counsel were that "the plaintiffs neither showed possession or that the grantor had acquired title from the original proprietors in accordance with the rule laid down in *Troth* v. *Smith,* 68 *N. J. L.* 36." An appellant will not be permitted to raise, on appeal, a point not taken at the trial. *Consolidated Traction Co.* v. *Behr,* 59 *Id.* 477. If the appellants were in a position to advance this contention it is wholly without merit. The deed made by Lichtenstein to Charles was an absolute conveyance. Charles paid the consideration. The most favorable view of the testimony that can be taken for Richard is that Charles was to deed the lot to Richard upon the payment of $500. This Richard never paid. How this arrangement could make the deed of Lichenstein to Charles an equitable mortgage in favor of Richard is difficult of comprehension.

The second ground of appeal argued in the brief for the appellants is that the plaintiffs failed to prove title or possession in themselves or in their predecessors. This is exactly what the plaintiffs did prove. They introduced in evidence the deed to Lichtenstein. They then showed that Lichtenstein had conveyed the easterly half of the premises to Richard and the westerly half to Charles by offering the deeds made by Lichtenstein to Charles and Richard. Richard could not under these circumstances deny the validity of the title. He did not attempt to do so. In an ejectment suit it is sufficient if the plaintiff traces his title back to a common source provided the defendant does not claim by any other title and the title of the plaintiff so derived is superior. *Ridgefield Park* v. *N. Y., S. & W. R. R. Co.,* 85 *N. J. L.* 278.

The last point made in behalf of the appellants is that they proved title by adverse possession. This point was not made a ground upon which the motion of the appellants to direct a verdict in their favor was based. It should not be considered. It can, however, be disposed of in a few words. One of the essential elements of title by adverse possession is that the possession be hostile. The testimony in the present case shows that the possession of Richard was permissive.

Charles was Richard's cousin. Charles was willing, according to Richard's testimony, to sell the lot to Richard for $500. Charles permitted Richard to place his building material on the lot during the construction of Richard's home, to let Richard use it as a garden, in fact, to let him have the full enjoyment thereof. No claim of adverse possession can be successfully maintained where the possession of the claimant is founded upon permission. It must be hostile as well as actual, visible, exclusive and continuous. The claim of Richard lacked the element of hostility. Richard was content to sit by, enjoy for the time being all that the ownership of the lot could have given him, and at the same time retain the $500 and the use thereof. Charles' death and the attitude of his heirs has perhaps caused Richard to see his error in not availing himself of his cousin's offer during his cousin's lifetime. Richard cannot acquire the land of Charles by asserting a claim of title by adverse possession because of the lack of evidence of any hostility upon the part of Richard to Charles' right in the premises for the possession of which this action of ejectment was instituted.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.