#### LANG CO. v. FORT.
#### No. 5007.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1935.

V. Claude Palmer, of Moorestown, N. J., for appellant.

Joseph H. Carr, of Camden, N. J., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court ejecting the defendant, the Lang Company, from two tracts of land mentioned and described in the complaint and judgment.

The Pusey & Jones Company owned a certain tract of land in Camden county, N. J., and its receivers sold a portion of it to the Lang Company which erected a plant thereon. It purchased from Fort an inter-est in two tracts adjoining its plant. The deed of conveyance, it is alleged, from Fort to the Lang Company created an easement for the use of two railroad tracks by the Lang Company.

It appeared at the argument that a controversy arose between the parties over the alleged easement and suit was started in the court of chancery to determine the rights of the parties. The vice chancellor who was hearing the case expressed a desire to have the extent of the easement determined in appropriate proceedings at law. Thereupon the proceedings in the court of chancery were halted and the proceedings in the District Court were begun.

At the conclusion of the trial, the court directed a verdict for the plaintiff on which judgment was entered for the recovery of the land by the plaintiff.

Before the trial in the District Court, the plaintiff filed a demand for a bill of particulars in order that he might know the defense upon which the Lang Company intended to rely as to title at the trial. He was thus enabled to prepare his case. The plaintiff offered this bill in evidence and it was admitted over objection. Defendant says it was inadmissible. The Court of Errors and Appeals in New Jersey in the case of Parrot v. Nugent, 91 N. J. Law, 302, 102 A. 899, held that the bill of particulars was admissible as an admission against the party delivering it. The trial court admitted it on the authority of Lee v. Heath, 61 N. J. Law, 250, 39 A. 729, but the defendant says that that case did not justify the use made of it in the case of Parrot v. Nugent, but, however that may be, the Court of Errors and Appeals did decide that the bill of particulars was admissible against the party furnishing it and we do not think that the trial court in the case at bar erred in admitting it.

By this bill the plaintiff showed that the defendant claimed under him.

Defendant raised the question of jurisdiction and says that the trial court erred in permitting the plaintiff to testify over objection that the value of the land in question exceeded $3,000.

The defendant did not plead to the jurisdiction of the District Court on the ground that the requisite amount was not involved, but simply denied "the truth of the matters contained in the complaint."

The plaintiff paid in excess of $500,000 for the entire Pusey & Jones tract of 160

or 170 acres and testified that the land in question was worth more than $3,000. He had been in the business of handling real estate, principally industrial properties, for eight or nine years. Whether or not he had such special knowledge or experience as to qualify him to give opinion evidence as to the value of the land was a question of fact for the determination of the trial judge whose finding is not reviewable here if there was any legal evidence to support it. While the supporting evidence may have been slight, we cannot say that there was no legal evidence to support it. Further, proof in support of an averment that the requisite jurisdictional amount was involved need not be offered where the defendant does not plead to the jurisdiction of the court on that ground. Bitterman v. Louisville & Nashville Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693.

■ The next reason assigned by the defendant as to why the judgment should be reversed was the refusal of a motion for a nonsuit on the ground that the plaintiff had not shown possession in himself or in any antecedent of his title, and that he had not traced his title back to the original proprietors. It further contends that the plaintiff must recover on the strength of his own case and not on the weakness of his adversary; that he had not shown a title in himself against which an exclusive title in defendant would be wrongful; and that it was entitled to a nonsuit under the authority of Troth v. Smith, 68 N. J. Law, 36, 52 A. 243, 244, and Jacobson v. Hayday, 83 N. J. Law, 537, 83 A. 902. In the Troth Case the court said:

"The rule is settled that the plaintiff must recover upon the strength of his own title, and that he cannot rely upon the weakness of that of his adversary. If he fails to support his own title, the defendant will retain possession until he is ousted by some one who has a superior title.

"It is equally well settled that the plaintiff must trace his paper title back to some one who is shown to have been in possession of the locus in quo, or, failing in that, he must show that his grantor acquired title from the original proprietors.

"The fact that the defendant in his bill of particulars claims title by adverse possession does not admit that the plaintiff had a good paper title. If the plaintiff fails to establish a good paper title where he relies wholly on a paper title, or the defend-ant can show fatal infirmity in that title, the judgment must go against the plaintiff."

It was held in the Jacobson Case that: "The defendant, by pleading the general issue, admits a possession by him amounting to an ouster of the plaintiff, and, if the latter shows at the trial a title against which an exclusive possession or claim of the defendant would be wrongful, he will be entitled to judgment, otherwise not."

But in ejectment suits in New Jersey, the plaintiff does not have to trace his title back to the original proprietors, if he can trace it back to a common source with defendant, provided the defendant does not claim by any other title and the plaintiff's title thus derived is superior. Ridgefield Park v. New York, Susquehanna & Western Railroad Co., 85 N. J. Law, 278, 89 A. 773; Wittke v. Wittke, 102 N. J. Law, 176, 130 A. 598. The bill of particulars furnished to the plaintiff by the defendant and put in evidence by the plaintiff showed that defendant derived its title to the land in question from the plaintiff.

■ In the case of Troth v. Smith, supra, the defendant claimed by adverse possession and in that case the plaintiff had to trace his title back to some one who was in possession of the land, or failing in that, he had to trace it back to the original proprietors. But where plaintiff's title is derived from an "acknowledged owner" from whom defendant has taken title or where defendant has taken title from the plaintiff himself, the plaintiff is required to trace title only to that "owner" or to himself, "since a defendant cannot deny a title under which he holds, or a title which has emanated from him." Wills v. Windish, 106 N. J. Eq. 449, 151 A. 212, 214; Rollins v. Atlantic City Railroad Company, 70 N. J. Law, 664, 58 A. 344.

■ When the plaintiff closed his proofs, the defendant-appellant moved for a nonsuit. This was denied, and plaintiff then moved for the direction of a verdict. The proofs then showed title in the plaintiff to the land involved, but defendant had not offered any evidence of its easement. Its answer consisted of a denial of the truth of the allegations contained in the complaint (which under the rules of New Jersey pleading was in effect a plea of the general issue) and of an affirmative defense which recited the deed granting the easement. This amounted to an ouster of the plaintiff and claim of possession in it-

self. The answer was not offered in evidence nor was the deed of easement. The bill of particulars furnished plaintiff by defendant did not contain the deed granting the easement, but only a reference to it. This was offered in evidence by the plaintiff. Even if it had contained the deed, it would not have amounted to proof of the allegations therein made. It only showed the defendant's claims which had to be proved like any other fact. Parrot v. Nugent, 91 N. J. Law, 302, 305, 102 A. 899.

Ejectment is not the appropriate form of action in New Jersey by which an easement may be established. The owner of the fee upon tracing title to the original proprietors, to an acknowledged owner or to himself, as the case might require, would be entitled to a judgment of possession, subject to the easement of defendant, if any, which would have to be determined by proper proceedings. That would have been the proper judgment, if there had been any evidence of the easement before the court, but there was not. Assuming that the pleadings put the easement in issue, there was no evidence produced to sustain it. The learned trial judge entered the only judgment possible under the pleadings and proofs. It follows that the judgment must be affirmed.