12 N.J. Super. 268 (1951)
79 A.2d 500
RUFE J. HARDY, ET AL., PLAINTIFFS,
v.
MERRITT J. JOHNSON, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 17, 1951.
*269 Mr. Vito A. Concilio, attorney for the plaintiffs.
Mr. Sholem Lipis, attorney for the defendants.
*270 STANTON, J.S.C.
This is an action for the specific performance of a contract for the sale of unimproved lands. Defendants refused to take title on the ground that plaintiffs did not have a marketable title, and counterclaimed for the return of the deposit made on the contract and the expense of examining title. The case has been submitted on a stipulation of facts and written argument.
The sole issue in the pretrial order is whether or not there was an extinguishment of the tax lien which was acquired by Isaac R. Halliday, and his wife. Halliday acquired under the will of his mother, who died on December 27, 1925, seized of an undivided one-fourth interest in the premises, an estate in remainder in an undivided one-twelfth part thereof; such estate being subject to the life estate of his sister, Caroline E. Bailey. On September 17, 1928, the lands in question were sold for taxes to one Harold Estler who, on December 11, 1928, assigned the tax sale certificate to Halliday. All municipal liens subsequent to the said tax sale have been paid. On December 6, 1940, notice to redeem was sent by registered mail to all persons having an interest in said lands; in the written notice by Halliday it was stated that there was due on the tax sale certificate as of December 2, 1940, the sum of $130.79, and the further sum of $681.91 which was the amount of taxes with interest thereon paid by him for the years 1927 to 1940 inclusive; and it was further stated that if the said lands were not redeemed within 90 days, Halliday would file a bill of complaint in the Court of Chancery to foreclose the addressees' right of redemption. On May 13, 1941, Halliday instituted a foreclosure suit in the Court of Chancery against all persons having an interest in the premises. The defendants therein were duly served but none appeared or answered and final decree was entered on January 23, 1942.
In Roll v. Everett, 73 N.J. Eq. 697 (E. & A. 1908), a bill was filed for partition and the defense was that complainants' interest in the premises had been cut off by defendants' acquisition of a paramount title under a tax deed. At page 701, the court stated:
*271 "The law is well settled that where one tenant in common acquires a tax title or redeems land from a tax sale, his act inures to the benefit of his co-tenant upon their reimbursing him for their proportionate share of the amount paid by him. The principle is in some of the cases put upon the ground of a confidential relationship between the tenants in common. 1 Lead. Cas. Eq. (4th Am. ed.) 68. Other cases rest the doctrine upon the principle that one cannot be allowed to acquire a right by his own default. This principle would be violated if a tenant in common who is equally obligated to pay all the taxes upon the joint property, were allowed to acquire rights superior to his co-tenant by defaulting in his obligation, and forcing the public authorities to take proceedings for the collection of the tax. Other cases seem to rest the doctrine upon the view that one who has title to land cannot acquire a superior title by means of a tax deed. In the view of these cases, the acquisition of the tax title amounts to nothing more than a redemption of the purchaser's own land from a lien."
And speaking of the right acquired by a co-tenant under a tax lien or tax deed, the court said further on page 702:
"The right of a tenant in common who discharges a lien upon the common property, is to contribution from his co-tenant, and as security he is entitled to a lien upon his co-tenant's share of the property. That lien may be enforced in equity by treating the tax deed as valid and subsisting for that purpose."
The court concluded that a decree should be entered for partition with the provision that the defendants have a lien upon the complainants' share for the proportionate part of the tax upon the property in question paid by the defendants or their predecessors in title, with interest from the date of payment. See annotation in 54 A.L.R., at page 896.
It would appear, therefore, that Halliday upon the purchase of the tax certificate acquired merely a right to contribution from his co-tenants, with the tax lien as security.
Defendants contend that Halliday's remedy as against his co-tenants under the rule in Roll v. Everett, supra, was to seek a partition of the property with the credit to him by way of lien on the shares of his co-tenants for the moneys expended by him for the purchase of the tax certificate and the taxes paid subsequent thereto, together with interest on both expenditures.
*272 Plaintiffs concede that Halliday's co-tenants had a right to participation in the benefits he acquired by purchasing the tax certificate, but say that their failure to offer to contribute within a reasonable time will be deemed to be a waiver of such right and an election to allow him to take the benefits of his outlay. It is noted, however, that Halliday did not call upon them for the payment of their proportionate share of his expenditure. His notice to each of the numerous co-tenants was for redemption. Plaintiffs' contention that Halliday's co-tenants lost their interest in the premises through his tax foreclosure proceeding raises serious and doubtful questions of law and fact which cannot conclusively be determined in this proceeding.
A title is not marketable where there is serious and substantial doubt concerning either the facts or the law upon which title is founded. That is the situation here. Courts of equity have at times declined to compel a purchaser to accept title which, though questionable, the court believed to be good, on the ground that its conclusion would not be binding upon persons who are not parties to the immediate action. Dobbs v. Norcross, 24 N.J. Eq. 327 (Ch. 1874); Breitman v. Jaehnal, 99 N.J. Eq. 243 (Ch. 1926); affirmed, 100 N.J. Eq. 559; Webster-Art & Strength Building & Loan Association v. Armondo, 128 N.J. Eq. 219 (Ch. 1940); Caparell v. Goodbody, 132 N.J. Eq. 559 (Ch. 1942).
Judgment may be entered for defendants, and in accordance with the stipulation made at the pretrial conference it shall include damages in the sum of $600 on the counterclaim.