24 N.J. Super. 534 (1953)
95 A.2d 23
PETER J. HECK, SR., AND LILLIE MABEL HECK, PLAINTIFFS,
v.
EDNA CANNON, MARTIN CANNON, EDSALL HOLDING COMPANY, A CORPORATION OF NEW JERSEY, WILLIAM ROLLER, GLADYS ROLLER, EVA CORNELL, MR. CORNELL, HUSBAND OF EVA CORNELL, AND HER UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MR. RUSSELL, HUSBAND OF EMMA RUSSELL, ANNA RUSSELL, MR. RUSSELL, HUSBAND OF ANNA RUSSELL, AND THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF ANNA AND EMMA RUSSELL, AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; ANNA ORDILLE, ANTHONY ORDILLE, RAYMOND MARTILINI, JOSEPHINE MARTILINI, JOSEPH MARTILINI, IDA MARTILINI, CATHERINE MORRIN, CHARLES MORRIN, LILLIAN HEMMINGWAY, ARTHUR HEMMINGWAY, ANNA PUCH, HERBERT PUCH, ANDREW M. MARTILINI, ANNA MARTILINI, ANGELO MARTILINI; THE STATE OF NEW JERSEY, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAMMONTON; THE UNKNOWN HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES OF EMMA RUSSELL AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; PETER S. TILTON AND SON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 6, 1953.
*536 Mr. William Charlton, attorney for plaintiffs.
Mr. Abraham Natovitz, attorney for defendant Edsall Holding Company.
HANEMAN, J.S.C.
This is an action to quiet title. The facts have been agreed upon and are set forth in the pretrial order. Although the complaint contains three counts, there has been an agreement by stipulation that only the first count is to be considered. The facts are as follows:
By deed dated October 28, 1884, duly recorded in the clerk's office of Atlantic County, Book 101 at page 266, Mary A. Will et vir conveyed to Andrew Roller, Jr. and his son Andrew P. Roller, lands and premises situate in the Borough of Folsom, County of Atlantic and State of New Jersey, said lands and premises being the subject matter of this suit. Said Andrew Roller, Jr. died intestate in 1907 and left the following children born to or adopted by him: William Roller, Andrew P. Roller, Emma Russell, Lillie Martilini and Louisa Buch. Andrew P. Roller and his wife, both of whom died intestate, left no children born to or adopted by them. Thus his interest is now vested in his brothers and sisters. There *537 is no need, for the purpose of this opinion, to discuss further the issue and heirs of Andrew Roller, Jr. or Andrew P. Roller.
Andrew P. Roller and the heirs of Andrew Roller, Jr. failed to pay taxes for the year 1913, and on August 19, 1914 Louisa Buch purchased a tax sale certificate on the property. She attempted to perfect her title by giving notice to redeem to all persons in interest and filed her proofs on October 16, 1916. In May of 1930 Andrew P. Roller, who had an undivided one-half interest in the property by virtue of the deed of 1884, and also an additional one-fifth interest therein by virtue of the inheritance from his father, conveyed his interest in said property to the defendant, Edsall Holding Company. At the same time Lillie Martilini, a daughter of Andrew Roller, Jr., also conveyed her interest to the Edsall Holding Company, so that said defendant became the owner of a seven-tenths interest in said property, but for the tax foreclosure of Louisa Buch. No opinion is expressed herein concerning the validity of said tax foreclosure, since that question is not before this court.
On August 19, 1914, and subsequent to the purchase of the tax certificate and the attempted foreclosure proceedings, Louisa Buch entered into peaceable, uninterrupted and continuous possession of said lands and premises and remained therein until the date of her death on May 16, 1942. By her last will and testament she devised all of her real property to her husband, Detliv Buch, who remained in peaceable possession and paid the taxes on said lands and premises until August 8, 1952, at which time he and his second wife conveyed the same to the plaintiffs herein by deed recorded in the clerk's office of Atlantic County in Book 1604 at page 251.
The issues which have arisen by virtue of the aforesaid facts are as follows: (1) whether a co-tenant who gives notice to her tenants in common of a claim of title in herself, and a denial of title in them, and who subsequently holds peaceable, uninterrupted and continuous possession for more than 38 years, can thereby acquire title by adverse possession, and (2) whether the plaintiffs herein can tack their *538 time in possession upon the time their predecessors in title spent in possession, for the purpose of establishing title by adverse possession.
The defendant contends that the complaint states no cause of action, by reason of the fact that a tenant in common cannot wipe out the interest of her co-tenants by purchasing a tax certificate and proceeding to obtain title by virtue thereof. He cites Roll v. Everett, 73 N.J. Eq. 697 (E. & A. 1908), and Hardy v. Johnson, 12 N.J. Super. 268 (Ch. Div. 1951), for the foregoing proposition, and this court in no wise disagrees with this contention. The question involved herein is quite different.
The facts in this case, as agreed upon by stipulation, are distinguishable from those to which the proposition of law urged by the defendant is applicable. The problem here is whether one co-tenant may obtain title to realty against her co-tenants by adverse possession. It is necessary, in order for the plaintiff to succeed in establishing adverse possession to provide that the possession be hostile as well as actual, visible, exclusive and continuous. Wittke v. Wittke, 102 N.J.L. 176 (E. & A. 1925).
Roll v. Everett, supra, cited by the defendant, states:
"At common law a tenant in common who had been disseized could not have the writ of partition; and the reason is that given by Co. Litt. 167, in discussing the right of partition as between copartners: `They no longer hold the estate together.' But, in order to prevent one tenant in common from having a partition, there must be an actual ouster. In the absence of such ouster the ordinary rule prevails that the possession of one tenant in common is the possession of all. Foulke v. Bond, 41 N.J. Law (12 Vr.) 527."
Generally it is recognized that when a person enters into possession of property as a tenant in common with others, his occupancy is presumed not to be adverse to his co-tenants but is to be presumed in accordance with his right as a part owner to the possession of the whole undivided land. 4 Thompson on Real Property 404; Foulke v. Bond, 41 N.J.L. 527 (E. & A. 1879).
*539 Although one tenant in common cannot claim adverse possession against his co-tenants by the mere act of occupancy, if such occupancy is accompanied by acts hostile to, and inconsistent with any claim of his co-tenants, and with such open disavowal of their claim as to give them notice that his possession is adverse, there is an ouster which is sufficient to start the statute of limitations to run for the purpose of establishing title by adverse possession. R.S. 2:24-12, 13; N.J.S. 2A:14-6, 7. Furthermore, it is a rule of evidence merely, which enters into the question whether the possession is in fact adverse, and not a rule of law which forbids the application of the statute of limitations to persons who occupy to each other the relation of tenants in common. 4 Thompson on Real Property 408; Foulke v. Bond, supra; United States v. 13,255.53 Acres of Land, 53 F. Supp. 305 (D.C. 1943). Also 2 American Law of Property 52.
Normally the payment of taxes and the acquisition of a tax sale certificate by one co-tenant is deemed to be for the benefit of all. However, again as stated in Foulke v. Bond, supra, this presumption may be overcome by facts showing the contrary.
Louisa Buch, one of the co-tenants, as above noted, not only purchased the tax sale certificate here involved, but commenced foreclosure thereon, giving to all of the then co-tenants actual notice of her claim of exclusive ownership. By this proceeding she gave actual notice that she considered herself as having title. This was sufficient notice of the adverse claim, and whether her title under such foreclosure was sufficient to cut off the interest of the other co-tenants is of no moment in the light of the nature of plaintiffs' claim to title by adverse possession. She proceeded to enter into possession in 1914 under this claim of title and she or her successors have since that date had open, continuous and notorious possession of the premises involved. The notice above adverted to, accompanied by the possession here present, amounted to an ouster of the co-tenants and *540 an open assertion of her adverse claim. In view of the circumstances, it cannot be said that her possession was by consent of her co-tenants, and hence the possession of such co-tenants, but rather adverse to them.
As to the second question, as before stated, there is no difficulty. The facts as stipulated establish that Louisa Buch devised whatever title she held in the subject premises to her husband, Detliv Buch, and that the said Detliv Buch and his second wife, by deed dated August 8, 1952, and recorded in the clerk's office of Atlantic County, Book 1604, at page 251, conveyed the said premises to the plaintiffs. Moreover, it is expressly stated by stipulation that Louisa Buch and her husband, Detliv Buch, are the plaintiffs' predecessors in title. That plaintiffs, in asserting their right, may tack their possession on to the possession of their predecessors and privies in title in order to cover the required time as stated in O'Brien v. Bilow, 121 N.J.L. 576 (E. & A. 1938), in which the court states as follows:
"The real question in this case, as we see it, is whether or not possession of the predecessors in title of the plaintiff-respondent may be tacked on to her possession so as to cover the required period. Upon this point there seems to be no doubt. In the case of Colgan v. Pellens, 48 N.J.L. 27; affirmed, 49 N.J.L. 694, it was held that the possession of a predecessor and privy in title of the person presently asserting the right may be tacked on to that person's possession in order to cover the required time."
In view of the foregoing a judgment will be entered for the plaintiffs.