82 N.J. Super. 587 (1964)
198 A.2d 783
MICHAEL MONESSON AND ROBERT L. SHINER, PLAINTIFFS-RESPONDENTS,
v.
LYLIAN ALSOFROM AND JOSEPH ALSOFROM, HER HUSBAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1964.
Decided March 12, 1964.
*588 Before Judges CONFORD, FREUND and SULLIVAN.
*589 Mr. Walter P.A. Ensor, Jr. argued the cause for appellants.
Mr. Thomas S. Murphy argued the cause for respondents (Messrs. Gassert, Murphy & Gassert, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendants appeal from an adverse judgment in a suit to quiet title brought by plaintiffs pursuant to N.J.S. 2A:62-1 et seq. Judge Leonard, sitting in the Chancery Division, held that as to the lands in question, so far as related to any claim by or on behalf of defendants, the title of plaintiffs was good.
Plaintiffs filed suit to quiet title to a tract of land in the Township of Lakewood, N.J., charging that their title as to all or part of said tract was disputed by defendants. They filed an answer claiming an undivided two-thirds interest in approximately five acres of said tract. Defendants did not challenge plaintiffs' title to the remainder of the tract. The disputed area is the northwesterly corner of the tract.
Plaintiffs' chain of title, which is of record, stems from a full covenant and warranty deed dated September 7, 1866, and recorded May 7, 1867. The deed was by Robert Estel and Joanna his wife to Charles Estel and purported to convey full title to a "thirty acres more or less" parcel of land, which included the tract described in the complaint herein. Charles Estel died in 1913. His widow died in 1936. In 1958 the heirs of Charles Estel joined in a deed of conveyance of the tract described in the complaint herein to Joseph E. Lewis and wife, who were plaintiffs' immediate predecessors in title.
The instant suit stems from the fact that on September 7, 1866, the date of the deed to Charles Estel, Robert Estel did not have full title to the entire parcel which he and his wife purported to convey. As to the northwesterly corner of said parcel, a five-acre section hereinafter referred to as the disputed area, Robert Estel had record title only to an undivided one-third interest. Title to the remaining two-thirds interest *590 in said disputed area was in one William B. Hill by virtue of a sheriff's deed dated November 1, 1852, and recorded November 23, 1852. The record discloses that the disputed area had a frontage of 634.4 feet on the southerly side of what is now Route 88 and was unenclosed woodland.
Plaintiffs' contention is that after the deed of 1866 and down to 1958 the Charles Estel family continuously occupied the entire tract as owners, lived in a farmhouse located on the northeasterly corner of said tract, farmed the tract, cut wood in the disputed area and sold the same, paid taxes thereon, and exercised other acts of exclusive dominion, including the recorded grant in 1909 by Charles Estel and wife, of a railroad right-of-way, which grant ran directly through the disputed area. Thereafter said right-of-way was cleared off and graded and bridges were built over brooks although no tracks were ever laid. The right-of-way had the appearance of a road through the property and was visible from Route 88. Plaintiffs also showed that the Estels in 1917 granted easements of record for poles and wires to the New York Telephone Company and Jersey Central Power and Light Company, which grants also encompassed the disputed area. Space for advertising signs was let by the Estels along the southerly side of Route 88, some of the signs being located in the disputed area.
There is nothing in the record showing that William B. Hill or his heirs ever were in actual possession of the disputed area or made any claim of co-ownership thereto or proprietary right therein. However, in April 1955 and December 1956 the heirs of William H. Hill joined in bargain and sale deeds of conveyance of lands, which included the disputed area, to Lylian Alsofrom, one of the defendants herein.
It is generally held that possession by one cotenant is not considered adverse to the other cotenant but is presumed to be in accordance with his right as a part owner to possession of the whole undivided land. Heck v. Cannon, 24 N.J. Super. 534 (Ch. Div. 1953). However, a conveyance of the whole estate by a cotenant constitutes, upon the recording of *591 the deed, an act of disseizin of the other cotenant. Foulke v. Bond, 41 N.J.L. 527 (E. & A. 1879). The entry of the grantee under such conveyance evinces an intent to claim the whole to the exclusion of the other cotenant. Thereafter possession by the grantee for the statutory period, provided such possession is continuous, open and notorious, and without interference by the other cotenant, may result in a title by adverse possession. Foulke v. Bond, supra, at p. 540. All of these principles apply to the 1866 conveyance of Robert Estel and wife to Charles Estel, and the subsequent possession of Charles Estel and his heirs.
Defendants contend that the rule of Foulke v. Bond does not apply, and the deed of 1866 as recorded was not an act of disseizin of the cotenant Hill because the grantor had title to 25 of the 30 acres included in said deed, and it was only as to a five-acre tract that he was a cotenant. Defendants cite Schmitt v. Traphagen, 73 N.J. Eq. 399 (E. & A. 1908), for the proposition that when a deed conveys not only the land which is the subject of a claim based on adverse possession but also land to which the title of the grantor is unquestioned, said deed does not operate as an act of disseizin as to the lands allegedly adversely held.
Schmitt v. Traphagen, supra, does not so hold. That case decides that in the situation therein presented possession by the grantee of that part of the tract to which he has title will not be considered constructive possession of the other part to which he does not have title. As applied to the instant case this means that if the acts of proprietorship and possession by plaintiffs and their predecessors in title were confined to that part of the tract to which the title of Robert Estel and his wife was undisputed, such acts would not also be considered constructive possession of the disputed area.
Plaintiffs, however, contend that they and their predecessors in title occupied the entire tract, including the disputed area, and that certain acts of possession and proprietorship specifically embraced the disputed area. The Schmitt case, therefore does not control if, as Judge Leonard *592 held, the acts of possession on the disputed tract were of a character sufficient to create title by adverse possession.
We find the evidence to sustain plaintiffs' contention. Since at least prior to 1884 (Charles Estel's daughter testified she was born on the tract in 1884), the entire tract was used continuously by the Charles Estel family as a farm. It had a farmhouse, barn, and other buildings thereon. True, most of the actual farming activities were confined to the easterly and southerly part of the tract. However, wood was cut and sold from the disputed area, a duly recorded railroad right-of-way was granted by Charles Estel and his wife, through the disputed area, easements of record for poles and wires were granted in and along the disputed area, spaces for advertising signs were let on the disputed area, taxes covering the entire tract were paid. Cf. N.J.S. 2A:62-2. About 1930 the Estels caused a survey line to be cut along the westerly boundary of the tract.
One claiming title by adverse possession must prove, by clear and convincing evidence, possession which is actual and exclusive, open and notorious, continued and uninterrupted, adverse and hostile for the statutory period. Foulke v. Bond, supra; Caruso v. Hunt, 69 N.J. Super. 447 (Ch. Div. 1961). We find plaintiffs to have sustained such burden whether we apply the 20-year statute, N.J.S. 2A:14-6 and 7, the 30- and 60-year statute, N.J.S. 2A:14-30, or the 30-year claim or color of title statute N.J.S. 2A:14-31. Cf. Braue v. Fleck, 23 N.J. 1 (1956). They and their predecessors in title have been in the required character of possession since at least prior to 1884. In all that time defendants' predecessors in title have not asserted any right of ownership or possession. No disability or other reason for tolling the statutes of limitations has been asserted. We recognize that plaintiffs' claim may not be proved by showing the weakness of defendants' title. However, the quiescence of defendants' predecessors in title is a factor to be considered.
Defendants' final contention is that the trial court erred in refusing to admit in evidence a certified copy of *593 findings of facts and judgment of record entered in 1926 in a suit in ejectment in the New Jersey Supreme Court. Said suit was by Samuel Newman and Benjamin Berger against Charles Estel, Jr., et al., and apparently involved another portion of the 30-acre tract covered by the 1866 deed. We agree with the trial court that the prior suit was between different parties, involved different issues, was based on different evidence, and was not relevant or evidential with respect to the issues in the instant case.
Affirmed.