R. LOUISE TROTH v. WESLEY A. SMITH.

*Argued February 19, 1902—Decided June 9, 1902.*

1. In an action of ejectment the plaintiff must trace his title back to someone who is shown to have been in possession of the *locus in quo*, or failing in that he must show that his grantor acquired title from the original proprietors. If the plaintiff fails to establish a good paper title, where his case depends wholly upon his paper title, the judgment must go against him.

2. The fact that the defendant, in his bill of particulars, claims title by adverse possession does not admit that the plaintiff has a good paper title.

3. The lands of Jeremiah Leeds, of which the *locus in quo* was part, were, in 1839, upon petition of his heirs, under the decree of a court of competent jurisdiction, divided by commissioners among his heirs. In the execution of their duty the commissioners went upon the land, assigned the shares and made their report in writing to the court, which was duly confirmed and is on record. *Held,* that these partition proceedings were such an open, public declaration of right to possession by the agents or representatives of the heirs of Jeremiah Leeds as to be tantamount to an occupation by the heirs themselves, through whom the plaintiff's paper title is derived.

4. Tax receipts were not competent evidence to support the title of the plaintiff.

On ejectment. On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Allen B. Endicott.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought to recover the possession of a piece of land two and a half feet in width, extending from the west line of Missouri avenue westerly a distance of one hundred and fifty feet.   The trial below resulted in a verdict for the plaintiff.

The plaintiff traced his paper title by deed to the division of the lands of Jeremiah Leeds which was in 1839.

The defendant in his bill of particulars declared that he claimed title by adverse possession.

The rule is settled that the plaintiff must recover upon the strength of his own title, and that he cannot rely upon the weakness of that of his adversary.   If he fails to support his own title, the defendant will retain possession until he is ousted by someone who has a superior title.

It is equally well settled that the plaintiff must trace his paper title back to someone who is shown to have been in possession of the *locus in quo,* or failing in that, he must show that his grantor acquired title from the original proprietors.

The fact that the defendant, in his bill of particulars, claims title by adverse possession does not admit that the plaintiff had a good paper title.   If the plaintiff fails to establish a good paper title, where he relies wholly on a paper title, or the defendant can show fatal infirmity in that title, the judgment must go against the plaintiff.

The lands of Jeremiah Leeds, of which the land in dispute was a part, were, in 1839, upon petition of his heirs under a decree of a court of competent jurisdiction, divided by commissioners among the said heirs.   In the execution of their duty the said commissioners necessarily went upon the said lands and assigned the shares of the several heirs, which assignment was duly reported to and confirmed by

the said court and is on record. This was before the alleged adverse possession of the defendant commenced.

These lands were then wild, unoccupied and unimproved.

These partition proceedings were such an open, public declaration of the right to possession by the agents or representatives of the heirs of Jeremiah Leeds as to be tantamount to an occupation by the heirs themselves through whom the plaintiff's paper title is derived, and in our judgment constitutes, *prima facie,* a valid paper title.

The motion to nonsuit was therefore properly denied.

The plaintiff's surveyor testified on his behalf that he located the boundaries of the plaintiff's lands by measuring from the south line of Baltic avenue, which he ascertained by measuring from an alleged monument on the south line of Arctic avenue, of the correctness of which he had no personal knowledge.

After the plaintiff had rested his case the defendant offered to prove by another surveyor that the south line of Baltic avenue was not as located by the plaintiff's surveyor.

This offer was overruled on the ground that the defendant's bill of particulars confined him to the proof of adverse possession.

In this there was legal error; the evidence was competent to show that the plaintiff was without title.

The plaintiff, to establish his case, offered in evidence tax bills for taxes which he claimed he had paid upon said property. These bills were admitted in evidence for the plaintiff under objection by the defendant's counsel to their competency.

These tax bills furnished no support to the plaintiff's title, and were prejudicial to the case of the defendant.

They were improperly admitted in evidence by the trial court.

In the early part of the charge to the jury the court stated accurately the law as to adverse possession, but subsequently gave the following instruction: "Now, if a person is in possession in such a way as may in the end ripen into hostile possession, yet if he has at any time acknowledged that he

does not hold by adverse possession, and there is a superior title to which he is subservient, such admission and such evidence is entirely inconsistent with a title by adverse possession, and overthrows any such claim. The defendant, again, if he did make such acknowledgment of superior title, and did admit that he holds as a trespasser, or one who is in possession of lands not his own, but the title in another, such a declaration is utterly inconsistent with the claim now set up of adverse possession."

This is not an accurate statement of the rule, otherwise his declaration in his bill of particulars that he claimed by adverse possession would defeat the title he sets up.

A claim of title by adverse possession, in the absence of any declaration to the contrary, implies that a paper title is not relied upon. Of course an admission by a person in possession that he holds under the party who has the paper title would deprive the fact that he is in occupancy of any probative force to establish adverse possession; it would be an admission that the possession was not adverse.

At the close of the charge the court said to the jury: "The case has been so fully presented, and you are so fully in possession of all the facts, that you may apply the law which I have stated to those facts." The jury should have been instructed that they must apply the law as given to them.

The rule to show cause should be made absolute.