GEORGEANNA NEWTON *vs.* PEOPLES RAILWAY COMPANY, a corporation under the laws of the State of Delaware.

*Personal Injuries—Pleading—Demurrer—Declaration ; Sufficiency of—Brakes and other Appliances—Injury ; how Received— Particularity, of Description.*

I. Counts in a declaration averring insufficient brakes and other appliances to stop the car, are too general. The narr must specify the particular appliance that caused the injury, and especially how the injuries were received—by falling, jumping, being struck, or otherwise, which is within the plaintiff's knowledge.

*(June 1, 1903.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Levin F. Melson* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, May Term, 1903.

ACTION ON THE CASE for personal injuries (No. 109, February Term, 1903).

Demurrer.

The narr contained five counts :

The allegations in the first count of the declaration were, *inter alia,* as follows :

" 1.  For that, Whereas, heretofore, to wit, at the time of the committing of the grievances hereinafter mentioned, of the said Peoples Railway Company, the defendant, above named was, and still is, a corporation, existing under the laws of the State of Delaware, in control of and operating as a common carrier of passengers, a certain line of railway, in the City of Wilmington, County and State aforesaid.  And the said plaintiff avers that heretofore,

to wit, on the twelfth day of November, A. D. 1902, at New Castle County, aforesaid, the said plaintiff was a passenger, for hire, of the said defendant, on one of the cars then and there being controlled and operated by said defendant, on its said line of railway, on one of the streets of said city, known as Clayton street, and that said defendant, in disregard of its duty to said plaintiff, then and there negligently and carelessly suffered and permitted to be used on its said car insufficient and defective brakes and other appliances to stop said car, and by reason thereof the servant or servants of said defendant, in charge of said car, upon which said plaintiff, passenger as aforesaid, was then and there riding, lost control of said car, and by reason thereof said plaintiff, while in the exercise of due care and caution on her part, to wit, the day and year aforesaid, at New Castle County, aforesaid, being in imminent peril of her life, and while *endeavoring to escape from the condition of peril arising from said negligence and carelessness of said defendant,* was badly hurt, bruised and injured," etc.

The fourth count, differed from the first only in that it alleged that the plaintiff, " being in imminent peril of her life, and while endeavoring to escape from the condition of peril arising from said negligence and carelessness was, by and through the negligence and carelessness aforesaid, badly hurt, bruised and injured," etc.

The fifth count differed from the said first count in alleging that, " the said plaintiff avers that, heretofore, to wit, on the twelfth day of November, A. D. 1902, at New Castle County aforesaid, that the said defendant negligently and carelessly suffered and permitted the bed and tracks of its said railway to be and remain in bad condition, out of order and repair, and that by reason thereof one of its cars, wherein the said plaintiff then and there was a passenger for hire, became and was upset and overturned, thereby causing great damage and injuries to the said plaintiff, who was then and there in the exercise of due care and caution on her part ;" etc.

Defendant filed the following causes of demurrer, *inter alia,* to the first, fourth and fifth counts of plaintiff's declaration, viz.:

(1)    Because it does not appear therefrom how the plaintiff was injured.

(2)    Because there is no connection therein stated between the alleged negligence of the defendant, and the alleged injuries to the plaintiff.

*Mr. Melson :*—The plaintiff submits the following citations in support of the declaration and against the demurrer.

1.    That the demurrer is not supported by certificate of counsel that he believes said demurrer is good in law and is not interposed for delay.

2.    The counts demurred to are more specific than the counts in the King case, which were held sufficient.   The plaintiff is not bound " to set forth facts or circumstances, the knowledge of which is more properly or peculiarly in the opposite party, or to detail the circumstances minutely."
*King vs. Wil. & N. C. E. Ry. Co., 1 Pennewill, at pp. 445-6.*

3.    Allegations which the plaintiff could not be required to prove may be omitted.
*Rev. Code (1893), 792, Sec. 14.*

4.    A *prima facie* case is made out against the carrier when the plaintiff alleges and proves that he was a passenger, the fact of the accident (without plaintiff's fault), and the extent of his injuries.
*N. J. R. R. Co. vs. Pollard, 22 Wall., 341 (1875) ; Philadelphia & R. R. R. Co. vs. Anderson, 94 Pa., St. 61 (1880) ; Dapman vs. Penn. R. R. Co., 166 Pa. St., 520 (1895) ; Harriman vs. Reading & Lowell Street Ry., 173 Mass., 26 (1899).*

LORE, C. J.:—We think these counts averring "insufficient brakes and other appliances to stop said car" are too general. The *narr* must specify the particular appliance that caused the injury, and especially how the injuries were received—by falling, jumping, being struck or otherwise, which is within the plaintiff's knowledge.

We sustain the demurrer.

Upon the election of plaintiff's counsel, let judgment of *respondeat ouster* be entered.