that this inquiry is not directed to the moral risk, and respondent's counsel accentuates that consideration by citing Wolowitch v. National Ins. Co., 152 App. Div. 14, 136 N. Y. Supp. 793, in which, as he says:

"The assured warranted that he had never been refused burglary insurance and had applied for none other than the policy in suit."

No inquiry like that indicated in the Wolowitch Case is contained in the warranty in the case at bar.

It does not require the application of the well-established principle (recognized in Rosenthal v. Am. Bonding Co., 207 N. Y. 162, 168, 169, 100 N. E. 716, 46 L. R. A. [N. S.] 561) that, the policy having been drawn by the defendant-respondent, its terms must be strictly construed as against it, to compel the inference that the terms of this warranty could not reasonably have been expected to suggest to the insured an inquiry as to prior insurance obtained by him which had either expired or been canceled or as to the applications therefor; and, indeed, its terms do not refer to such a contingency.

There having been, therefore, no breach of the warranty, as matter of law, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

(97 Misc. Rep. 1)

### COHEN v. ERIE R. CO.

(Supreme Court, Appellate Term, First Department.　October 25, 1916.)

1. CARRIERS ⏾356(1)—EXPULSION OF PASSENGERS—FAILURE TO RETURN TICKET.

Where the regulations of a railroad required passengers holding excursion tickets to surrender the entire ticket to the conductor, such company was responsible for a conductor's neglect to return to a passenger the part of the ticket entitling him to the return trip, and was liable when the passenger was put off on the return trip by a second conductor, to whom he tendered the portion of the ticket returned him by the first.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423, 1426; Dec. Dig. ⏾356(1).]

2. CARRIERS ⏾383—EXPULSION OF PASSENGERS—CONTRIBUTORY NEGLIGENCE.

A passenger, who did not look at his round-trip ticket after he purchased it and before he gave it to the first conductor, and paid no attention to the part given back to him, and did not know that he had the wrong part until the back-trip conductor called his attention to the fact, was not guilty of contributory negligence as matter of law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1492–1496; Dec. Dig. ⏾383.]

Appeal from City Court of New York, Trial Term.

Action by Harry Cohen against the Erie Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Judgment reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

⏾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kogan & Goldstein, of New York City (Samuel S. Kogan, of New York City, of counsel), for appellant.

Stetson, Jennings & Russell, of New York City (W. C. Cannon and R. L. von Bernuth, both of New York City, of counsel), for respondent.

GUY, J. On May 29, 1915, the plaintiff at the Chambers street ferry in this city bought a round-trip ticket on defendant's railroad to Port Jervis and back from Port Jervis to New York. On the part of the ticket which entitled plaintiff to passage to Port Jervis was printed, "Not good if detached from ticket bearing signature." The signature was on the part calling for transportation from Port Jervis to New York, and on both parts it appeared that they could be used on or before October 31st of the year in which sold. After the plaintiff boarded the train for Port Jervis, he handed the round-trip ticket to the conductor, and the latter tore off part of the ticket, and returned the other part to the plaintiff, who put it in his vest pocket. On the following day, the plaintiff took the first train from Port Jervis to New York, and, when the conductor of that train (whom I will refer to as the second conductor) demanded a ticket, plaintiff took from his vest pocket the ticket which had been given him by the first conductor and handed it to the second conductor. He, however, called plaintiff's attention to the fact that the ticket produced was for passage from New York to Port Jervis, said it was no good on the return trip, and, as plaintiff had no cash to pay for another ticket, the second conductor compelled him to get off the train at the next station, from which plaintiff testified he had to travel about eight miles through the woods before he could procure the necessary money to buy a ticket for New York. The action was to recover damages resulting from the negligence of defendant's conductor in retaining the wrong part of plaintiff's round-trip ticket on plaintiff's journey to Port Jervis, and at the close of plaintiff's case the court dismissed the complaint.

[1, 2] The ruling presents reversible error. The regulations of the defendant requiring passengers holding excursion tickets to surrender to its conductor the entire ticket, it is clear that the company is responsible for the neglect of the conductor to return to the passenger that part of the ticket entitling him to the return trip. The plaintiff testified he did not look at the ticket after he purchased it and before he gave it to the conductor, and that he paid no attention to the part given back to him by the first conductor, and that he did not know he had the wrong part of the ticket until the second conductor called it to his attention on May 30th; and on these facts it is claimed plaintiff was guilty of contributory negligence as matter of law. We cannot agree with this contention. It seems to us that plaintiff had a right to assume that defendant's conductor would use reasonable care in performing his duties, and, regarding these facts in the light most favorable to defendant, they at most require the submission of the question of contributory negligence to the jury.

This case is manifestly different from Elmore v. Sands, 54 N. Y.

512, 13 Am. Rep. 617, relied upon by defendant, in which the passenger purchased a ticket upon which was stamped, "Good this date only," and it was held that after retaining the ticket for several days before using it he could not complain because he was put off the train. In that case, by the terms of the contract the passenger was not entitled to transportation on the day he boarded the train and presented his ticket; while here the plaintiff's contract entitled him to a return trip, and he would have made that trip and been spared the annoyance and humiliation to which he was subjected were it not for the negligence of the first conductor. Townsend v. N. Y. Central & H. R. R. Co., 56 N. Y. 295, 15 Am. Rep. 419.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.