201 N.J. Super. 174 (1985)
492 A.2d 1072
PLAZA ROAD COOPERATIVE, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
MAE GAMBERT FINN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1985.
Decided May 13, 1985.
Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
*175 Thomas E. Cohn argued the cause for appellant (Walter R. Cohn, attorney).
Bruce C. Morrissey argued the cause for respondent.
PER CURIAM.
We affirm the dismissal of the complaint which sought the summary dispossession of a cooperator-shareholder of a cooperative apartment association under N.J.S.A. 2A:18-61.1, substantially for the reasons expressed by Judge B.M. Sween in his written opinion dated November 29, 1983 which we incorporate herein:
This case presents a jurisdictional issue apparently not previously addressed by the courts of this State  is the relationship between a cooperative apartment association and a member-occupant that of a landlord-tenant for purposes of a summary dispossess action in a County District Court?
A cooperative apartment house is a multi-unit dwelling in which each resident has an interest in the entity owning the building and an agreement entitling him to occupy a particular apartment within the building. The interest in the owner-entity is usually that of a stockholder and the occupancy agreement is generally referred to as a `proprietary lease.' The difficulty in classifying or defining the owner-occupant status in legal concepts has caused confusion, and a cooperative is frequently described as a building in which each `tenant' `owns' an apartment, an obvious contradiction in terms. 68 Yale L.J. 546. The primary issue presented to the court is whether this combination of owner and occupant interests is such that a landlord-tenant relationship no longer exists for the purpose of summary dispossess action jurisdiction in this court.
The conversion of the apartment building and the creation of the legal relationship between the parties in this case is typical of this form of land use. In February 1979, defendant leased an apartment from Plaza Road, Inc., plaintiff's predecessor in title. Thereafter, in late 1981 or early 1982, Plaza Road, Inc. sought to `convert' the apartment building and negotiated a plan of cooperative organization with the tenants and sought the necessary governmental approvals.
Later, defendant entered into an occupancy agreement with her former landlord, which provided for its termination when the plan of cooperative organization was approved, at which time defendant would purchase a membership, purchase one share of stock and enter into a proprietary lease with the cooperative corporation. On or about November 1, 1982, defendant acquired one share of stock in plaintiff cooperative corporation for $41,000 ($6,800 in cash and $34,200 by a mortgage) and entered into an agreement entitled `Owner-Occupant Agreement Proprietary Lease,' which gives rise to this litigation.

*176 Plaintiff seeks to invoke the jurisdiction of this court on two grounds: (1) the proprietary lease confers jurisdiction for summary dispossess purposes on the court; and (2) the court has jurisdiction by virtue of the landlord-tenant relationship created by the proprietary lease.

I
Although the proprietary lease provides in paragraph 1(a):
The owner-occupant agrees that any action brought under this agreement for failure to observe any terms or conditions hereunder, including failure to pay rent, shall be brought in the Bergen County District Court as a summary dispossess action under N.J.S. 2A:18 and owner-occupant hereby submits to the jurisdiction of this court.
in paragraph 32:
... owner-occupant acknowledges that the Essex (sic) County District Court has jurisdiction under this agreement to issue a judgment for possession for the premises which are the subject of this agreement. This shall include, but not be limited to, judgment in a summary dispossess proceeding.
and in paragraph 43:
In addition to submitting to the jurisdiction of the Bergen County District Court, the owner-occupant-lessee agrees to pay L. & F. Co. and/or Plaza Road Cooperative Association, Inc., the following items as part of any judgment, and such amounts are due and includible with any such judgment as if they were due as additional rents, attorney's fee of $75.00, court costs, constable and/or warrant fees, and applicable late charges, as provided for under the terms of all agreements between the parties.
it has been long established that no one can confer jurisdiction on a court by private agreement between the parties. Vorhies v. Cannizzaro, 66 N.J. Super. 551 (App.Div. 1961). The owner-occupant agreement between the parties cannot confer jurisdiction upon the court to hear a summary dispossess action, if a landlord-tenant relationship does not exist between the parties.
II
The provisions of the owner-occupant agreement between the parties may be divided into two categories: (1) those which may be found in any lease agreement setting forth the rights and obligations of the landlord and tenant; and (2) those which become necessary due to the occupants' hybrid position of being both an occupant of a single apartment unit and having an ownership interest in the entire apartment building.
Examples of the former are provisions:
1. Requiring the cooperative association to maintain the exterior and common areas of the building.
2. Defining obligations in case of fire damage to the building.
3. Giving the occupant a right to quiet possession.
4. Establishing rules and regulations concerning conduct on the premises.

*177 5. Limiting who may occupy an apartment.
6. Limiting actions of an occupant which may affect insurance rates.
7. Limiting the occupants' right to make alterations.
8. Defining rights of entry to make repairs.
Examples of the latter are:
1. Defining `rent' as a share of actual carrying charges and maintenance expenses for the building allocated in relation to the total number of shares of the cooperative corporation issued.
2. Limiting the cooperative association's liability for maintaining the public areas and providing insufficient supply of hot and cold water and heat by stating:
The covenants by Co-op herein contained are subject, however, to discretionary power of the Directors to determine from time to time what services and what attendants shall be proper, and the manner of maintaining and operating the building, and also what existing services shall be increased, reduced, changed, modified, or terminated.
3. Giving the `tenant' the right to inspect the `landlord's' books of account by stating:
Co-op shall keep full and correct books of account at its principal office or at such other place as the Directors may from time to time determine, and the same shall be open during all reasonable hours to inspection by the owner-occupant or representative of the owner-occupant. Co-op shall deliver to owner-occupant within a reasonable time after the end of each fiscal year, an annual statement of income and expenses, certified by an independent certified accountant.
4. Promoting a cooperative venture by stating:
Owner-occupant shall always in good faith endeavor to observe and promote the cooperative purposes for the accomplishment of which Co-op is incorporated.
5. Limiting liability of the `landlord' to provide needed services by stating:
Co-op shall not be liable, for any reason, for any failure or insufficiency of heat, or of air conditioning (where air conditioning is supplied or air conditioning equipment maintained by Co-op), water supply, electric current, gas, heat or hot water, or other service to be supplied by Co-op hereunder, or for interference with light, air, view, or other interest of owner-occupant.
6. Granting the `landlord' the unilateral right to terminate the agreement by stating:
If, upon, or at any time after, Co-op shall give to owner-occupant a notice stating that the term hereof will expire on a date at least five days hereafter, the term of this agreement shall expire on the date so fixed in such notice, as fully and completely as if it were the date herein definitely fixed for the expiration of the term. The right, title, and interest of owner-occupant hereunder shall thereupon wholly cease and expire, and owner-occupant shall thereupon quit and surrender the apartment to the Co-op. It is the intention herein to create a conditional limitation. Co-op shall then have the right to re-enter the apartment and remove all persons and personal property therefrom *178 by any suitable action or proceeding at law or in equity, or by force or otherwise, and to repossess the apartment in its former state, as if this agreement had not been made, and no liability whatsoever shall attach to Co-op by any reason of the exercise of the right of re-entry, repossession, and removal herein granted and reserved.
Among other reasons for giving a notice of termination are:
If owner-occupant shall be in default in the performance of any covenant or provision hereof, including but not limited to the covenant to pay maintenance.
If at any time Co-op shall determine, upon the affirmative vote of two-thirds (2/3) of its then Board of Directors, at a meeting duly called for that purpose, that because of objectionable conduct on the part of owner-occupant or of a person dwelling in or visiting the apartment, repeated after written notice from Co-op, the occupancy of the owner-occupant is undesirable.
However, no notice, in writing or otherwise, need be given owner-occupant prior to any action being taken by Co-op if owner-occupant shall be in default in the payment of any maintenance charge, or additional maintenance charge, or any intallment thereof, or of any payment of any moneys due Co-op.
8. Waiving `tenant's' `right of redemption' by stating:
Owner-occupant expressly waives any and all right of redemption in case owner-occupant shall be dispossessed by judgment or warrant of any court or a judge; the words `enter', `re-enter', and `re-entry' as used in this agreement are not restricted to their technical legal meaning, and in the event of a breach or a threatened breach of owner-occupant of any of the covenants or provisions hereof, Co-op shall have the right of injunction and the right to invoke any remedy allowed at law or in equity, as if re-entry, summary proceedings, and other remedies were not herein provided for.
9. Acknowledging that the `tenant' is also a `landlord' and, therefore, waiving certain defenses available to `tenants' in summary dispossess actions, by providing:
Owner-occupant acknowledges the complete control over the premises which are the subject of this agreement, by virtue of the unique position of being a shareholder of the Co-op owner. Therefore, owner-occupant waives any defense available in such proceeding, of `habitability' or otherwise, because of any possible applicable cases, law, rules or regulation of any governmental authority.
Because of the hybrid nature of the interest of an occupant-stockholder-owner in a cooperative apartment building, there have been a great variety of problems concerning cooperative apartments presented to the courts of our land, resulting in varying definitions and solutions. Quotations from cases can be found to support virtually any position. Plaintiff cited and quoted two cases from sister jurisdictions in support of its position. Neither was a summary dispossess action, and in the case of Hicks v. Bigelow, 55 A.2d 924 (D.C.Mun.Ct. App. 1947), plaintiff misunderstood (and misquoted) the court saying:
As between the owner of an apartment in a cooperative building and the cooperative corporation, there is a landlord-tenant relationship ...

*179 but failed to complete the quotation, which reads:
As between plaintiff and the cooperative corporation `in form there is a landlord-tenant relationship, but in substance the apartments are owner occupied. The amounts paid by the stockholders as `rent' really represent the cost of operation, maintenance, etc., of their own property.' [Id. at 926; citation omitted.]
and later in the decision, the court said, quoting with approval a New York decision in Penthouse Properties v. 1158 Fifth Avenue, 256 A.D. 685, [692], 11 N.Y.S.2d 417, 423, (App.Div. 1939), `.. . the stock was incidental to that purpose and afforded the practical means of combining an ownership interest with a method for sharing proportionately the assessments for maintenance and taxes.' Hicks v. Bigelow, 55 A.2d at 926. The District of Columbia court found the owner-occupant:
... has certain proprietary rights which a mere tenant does not have. She has most of the attributes of an owner. She has a voice in management and operation of a building. She has a voice in the selection or approval of other tenant-owners. She has a voice, too, in the important matter of any proposed sale or mortgage of the property. More important, she has the exclusive, personal right to occupy her particular apartment.... [Ibid.]
The issue before the court is not whether a cooperative apartment corporation or one of its owner-occupants can enforce contractual rights in a court of law (obviously they can before a proper forum) but whether it may do so in a summary dispossess action.
Neither plaintiff nor defendant cited any cases from sister jurisdictions on this issue, and the court found the problem discussed only in New York cases. In Jimerson Housing Co., Inc. v. Butler, 97 Misc.2d 563, 412 N.Y.S.2d 560 (Civ.Ct. 1978), the court reasoned that:
1. Summary proceedings, as first authorized by statute in New York, were designed as a substitute remedy for the common law action in ejectment, which had become expensive and dilatory, amounting in many cases to a denial of justice.
2. Although the scope of summary proceedings had been enlarged in New York to include parties other than landlords and tenants, it remained an exclusively statutory remedy, in derogation of the common law, and as such had to be strictly construed.
3. The right to maintain summary proceedings must be conferred by statute, and parties to a lease or an occupancy agreement cannot, by agreement, confer such a right nor can it be granted by consent.
4. The relationship of a cooperative corporation and an occupant was not that of a landlord and tenant, regardless of any provision of the occupancy agreement attempting to consentually define it as such.
5. The agreement between a cooperative and an occupant was generally comprised of several components, including a certificate of incorporation, by-laws, shares of stock representing the shareholder-occupant's equity in the corporation, and an occupancy agreement, and the several components must be *180 read together to define the `cooperative interest' or that bundle of rights, privileges, and obligations that determine the relationship between the parties.
6. That since the cooperative corporation's relationship to the occupant was not that of a landlord-tenant, there was no jurisdiction in the Housing Court to entertain a non-payment of rent petition.[1]
However, the New York law is still unsettled as earlier cases came to different conclusions. In Curtis v. LeMay, 186 Misc. 853, 60 N.Y.S.2d 768 (Mun.Ct. 1945), the court permitted a summary dispossess action for an individual who occupied premises as a tenant prior to the creation of the cooperative; and in 930 Fifth Corporation v. King, 40 A.D.2d 140, 338 N.Y.S.2d 773 (App.Div. 1972), the court reversed a lower court decision dismissing a dispossess action for breach of a provision in a lease prohibiting pets, although the issue of jurisdiction in a summary dispossess action was apparently not raised; in Bourgeois v. American Savings Bank, 63 Misc.2d 468, 312 N.Y.S.2d 232 (Civ.Ct. 1970), the court found that shareholders in a cooperative corporation were not `tenants' within the statute authorizing tenants to maintain special proceedings for deposit of rents with third parties for the purpose of making repairs to a building; and in Adair v. Tookey, 99 Misc.2d 745, [747], 417 N.Y.S.2d 185, 187 (Civ.Ct. 1979), the court avoided the issue when deciding the case but noted that New York law was unsettled concerning the right of a cooperative corporation to bring a summary dispossess action against a stockholder-occupant, but cited the Jimerson case, supra, noting:
Cooperative ownership is a rapidly growing housing phenomenon and legislation may be needed to resolve the hybrid quality of the unique nature of property ownership and leasehold.
The court finds that a cooperative apartment association is a unique form of property ownership which does not fit into common law classifications. It is personalty for purposes of estate distribution; it is real estate for purposes of income tax deductions; and it is governed by corporate law concerning its internal management. It is an entity for the common ownership of property enabling occupant-stockholders to own, manage, and operate residential apartments *181 on a nonprofit basis. The rights and obligations of the parties are limited only by their ingenuity in defining their relationship. The relationship is not one of landlord-tenant, and the court has no jurisdiction to hear plaintiff's summary dispossess action.
The court finds it unnecessary to address issues raised by defendant that the agreement between the parties was `unconscionable' on the grounds that the agreement provided for a waiver of basic rights of a `tenant' to have a `habitable' apartment and the provision cutting off the defendant's `equity of redemption' would result in a forfeiture of defendant's investment in the apartment and its appreciated market value. These issues further illustrate the need for a forum with more comprehensive jurisdiction to deal with the complex relationship between the parties.
Plaintiff's complaint is dismissed for lack of jurisdiction.
We are in accord with Judge Sween's conclusion that a cooperative is a unique form of property ownership and the relationship between the association and a cooperator-shareholder is not that of landlord and tenant for the purpose of a summary dispossess action. Further, as this case involves a jurisdictional issue, our review and affirmance is not precluded by virtue of N.J.S.A. 2A:18-59. The dismissal of the complaint is affirmed.
NOTES
[1] Note: This court agrees with the rationale expressed by the Civil Court in Jimerson Housing Co., Inc. v. Butler, 97 Misc.2d 563, 412 N.Y.S.2d 560, as cited in Judge Sween's opinion, although the case was subsequently reversed. 102 Misc.2d 423, 425 N.Y.S.2d 924 (App.Term 1979). The Appellate Term concluded the relationship between a cooperative and its stockholder is that of landlord and tenant to the extent that the cooperative may maintain a summary proceeding against the stockholder. See also Glen Oaks Village Owners, Inc. v. Balwani, 115 Misc.2d 948, 454 N.Y.S.2d 802 (Civ.Ct. 1982). However, these decisions are founded on New York case law which in large part did not address the question of jurisdiction in dispossess actions but instead found summary proceedings appropriate for the resolution of other types of cooperative/stockholder disputes. As New Jersey does not have these precedents to guide its characterization of the parties' relationship we decline to follow recent New York case law on this point.