267 N.J. Super. 83 (1993)
630 A.2d 832
ESTATE OF BERTHA AHRENS; ESTATE OF OTTO B. AHRENS, JR.; MARIE AHRENS, ALSO KNOWN AS MARIECHEN H. AHRENS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF OTTO B. AHRENS, JR.; INGRID COHEN, FORMERLY KNOWN AS INGRID LIEBOWITZ, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF BERTHA AHRENS; AND ANNELIE CHANDLER, INDIVIDUALLY AND AS ALTERNATE EXECUTOR OF THE ESTATE OF OTTO B. AHRENS, JR., PLAINTIFFS-APPELLANTS,
v.
EDGEWATER COLONY, INC.; SUSAN HUFF; GEORGE TILTON, PRESIDENT OF EDGEWATER COLONY, INC.; AND JAMES MCGEE, SECRETARY OF EDGEWATER COLONY, INC., DEFENDANTS-RESPONDENTS, AND ELLA ZAHLER, AND JOHN DOE(S) AND JANE DOE(S), SAID NAMES BEING PERSONS NOT YET KNOWN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1993.
Decided August 12, 1993.
*84 Before Judges J.H. COLEMAN, SHEBELL and ARNOLD M. STEIN.
Frederick L. Bernstein argued the cause for appellants (Frederick L. Bernstein, P.A., attorneys; Mr. Bernstein on the brief).
Pamela Giannotto argued the cause for respondents Edgewater Colony, Inc., Tilton and McGee (Rogan & Faugno, attorneys; Ms. Giannotto on the brief).
Anthony J. Laura argued the cause for respondent Huff (Kelley Drye & Warren, attorneys; Mr. Laura on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiffs appeal the order granting summary judgment to defendants on all counts of the complaint. We reverse.
Plaintiffs are the Estate of Bertha Ahrens, who became incompetent, went to a nursing home in 1978 and died in May 1984; the estate of her stepson, Otto B. Ahrens, Jr., who died in October *85 1986; Marie Ahrens, who was Otto B.'s wife, sole beneficiary, and the executor of his estate; and Marie's daughters, Ingrid Cohen, individually and as executor of Bertha's estate, and Annelie Chandler, individually and as alternate executor of Otto B.'s estate. Defendants are Edgewater Colony, Inc., George Tilton, James Magee,[1] and other unnamed officers of Colony, the residential cooperative where Bertha lived with her husband, Otto B. Ahrens, Sr.; Ella Zahler, who received the one share of Colony stock that Bertha owned after Otto, Sr.'s death and during her continuing incompetence until her death; and Susan Huff, who bought the certificate from Zahler in November 1984.
Bertha and Otto, Sr., were residents of the Colony, a residential cooperative of one-family homes in Edgewater, in which they owned one share of stock, certificate # 197, as joint tenants. The stock entitled them to a proprietary lease on their house at 9 Shore Road.
In 1978, Bertha became incompetent and entered a nursing home. In 1979, Ella Zahler moved in with Otto, Sr. Plaintiffs allege that Otto, Sr., arranged to bequeath his interest in the stock to Zahler because she promised to bequeath it to Otto B. or his heirs. On December 6, 1979, Colony redeemed certificate # 197 and issued certificate # 398, in Otto, Sr.'s name alone. It also reissued the lease in his name alone. For the purposes of their summary judgment motion below, defendants stipulated that this reissuance of the stock and the lease and all subsequent reissuances were conversions.
Otto, Sr., died in 1980. His will was admitted to probate in August 1980, and the stock passed to Zahler under his will. In October 1981, Otto B. and Marie Ahrens moved to have the judgment of probate set aside, but their petition was dismissed as untimely. We affirmed the dismissal in January 1982.
*86 In September 1982, Colony entered into a proprietary lease with Zahler for the residence at 9 Shore Road. In October 1982, it redeemed Otto, Sr.'s certificate # 398 and issued certificate # 434, in Zahler's name alone.
Bertha died in May 1984 without having regained competence. During her incompetence, no one had legal authority to handle her affairs or dispose of her property. The will that she had made in 1977 left the Colony stock to Otto B. in the event that Otto, Sr., predeceased her.
In November 1984, Zahler sold her interest in the stock and the lease to Huff, a New York resident. Colony accordingly entered into new arrangements with Huff.
Ingrid Liebowitz (later Cohen) was appointed executor of Bertha's estate in March 1985. Otto B. died in 1986, leaving Marie Ahrens as his sole heir. Plaintiffs filed this action on October 31, 1990, more than six years after Bertha's death but less than six years after Huff's purchase of the house from Zahler.
In the first count, plaintiffs alleged that Otto, Sr.'s death in 1980 left Bertha, his surviving joint tenant, as the sole owner of their Colony stock. The stock then passed in May 1984 from Bertha's estate to Otto B. Plaintiffs claimed that, at the time when Zahler falsely represented herself as the owner of the stock and purportedly sold it to Huff, they both knew that Bertha was incompetent and that no one had legal authority to dispose of her property during her incompetence, much less to Zahler. Plaintiffs sought a judgment declaring Marie Ahrens as the rightful owner, damages for conversion of the stock, and an order directing Colony to adjust its records to reflect Marie Ahren's ownership of the stock.
The second count alleged that Otto, Sr., bequeathed his interest in the stock to Zahler, who had come to live with him the year after Bertha became incompetent, upon her promise to bequeath the same interest to Otto B. Plaintiffs claimed that because Otto, Sr., predeceased Bertha, his estate had no interest in the stock, or, in the alternative, that Zahler breached her contract with Otto, *87 Sr., to transfer such interest to Otto B. or to Otto B.'s heirs. Plaintiffs demanded an accounting of profits from Zahler and specific performance of Zahler's promise to transfer the stock to Otto B.'s heirs.
The motion judge ruled that plaintiffs' claims against Colony were barred by N.J.S.A. 2A:14-1, the six-year statute of limitations governing actions involving conversion of personal property; and after reconsideration, that plaintiffs' claims against Huff were also barred because the six-year period of limitations was not tolled during the period that Huff resided outside New Jersey. He entered summary judgment for all defendants.
We reverse because plaintiffs' action to seek return of the cooperative stock certificate and the lease to Bertha or her heirs was governed by N.J.S.A. 2A:14-7, the twenty-year statute of limitations for actions at law involving real estate:
Every action at law for real estate shall be commenced within 20 years next after the right or title thereto, or cause of such action shall have accrued.
Notwithstanding their "hybrid" or "unique" characteristics, cooperative housing interests are more properly characterized as realty. Presten v. Sailer, 225 N.J. Super. 178, 190-94, 542 A.2d 7 (App.Div. 1988) (sale of shares of cooperative apartment governed by statute of frauds, N.J.S.A. 25:1-5d, requiring contract concerning interest in land to be in writing); Plaza Road Coop., Inc. v. Finn, 201 N.J. Super. 174, 181, 492 A.2d 1072 (App.Div. 1985) (relationship between cooperative association and cooperative shareholder is not that of landlord and tenant for purposes of summary dispossess action). See also Harrison Park Owners, Inc. v. Dixon, 254 N.J. Super. 605, 612, 604 A.2d 165 (App.Div. 1992) ("Recent cases and statutory enactments tend to blur the distinction between cooperatives and condominiums.").
We conclude that plaintiffs' claims seeking compensatory and punitive damages for conversion of the stock shares and for breach of the asserted third-party beneficiary contract to convey are also governed by the twenty-year statute of limitations. Although stock shares are generally considered as personal property *88 and claims alleging their conversion are generally covered by N.J.S.A. 2A:14-1, the six-year statute of limitations, plaintiffs' claims for damages are really actions at law relating to wrongful appropriation of land, also governed by N.J.S.A. 2A:14-7, the twenty-year statute.
The order granting summary judgment to defendant is reversed. The matter is remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] Improperly named in pleading as "McGee."