**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0826-23

500 PARK AVENUE EQUITIES,
LLC,

    Plaintiff-Respondent,

v.

CORTNEY WILLIAMS,

    Defendant-Appellant.

_____

Argued September 17, 2024 – Decided October 9, 2024

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-009248-23.

Cortney Williams, appellant, argued the cause pro se.

Barry A. Kozyra argued the cause for respondent (Kozyra & Hartz, LLC, attorneys; Barry A. Kozyra, on the brief).

PER CURIAM

Defendant Cortney Williams appeals from an August 28, 2023 Special Civil Part order ejecting her from an apartment located in a multi-unit building at 500 Park Avenue in East Orange, currently owned by plaintiff 500 Park Avenue Equities, LLC. Because the record is unclear as to defendant's ownership interest, if any, in that apartment, we remand for further proceedings.

We summarize the pertinent facts from the limited record developed on the return date for the summary ejectment action. In its verified complaint for ejectment, supported by the certification of its property manager Jacob Marcus, plaintiff asserted it is the legal owner of the building at 500 Park Avenue. Plaintiff also attested it never entered either a written or verbal lease with defendant, she never paid it rent or other compensation, and she was essentially an "illegal squatter." Plaintiff further maintained defendant's actions caused it significant hardships, as it was unable to take rightful possession of the premises and use it as intended.

Defendant disputed certain of plaintiff's contentions. Specifically, she maintained before plaintiff's purchase of the building, 500 Park Avenue E.O., Inc., operated as a cooperative association and that entity issued her thirty-six shares reflecting her ownership interest in unit nineteen in the building.

A-0826-23

Defendant presented the court with a copy of those shares, as well as two pages of a Proprietary Lease signed by 500 Park Avenue E.O., Inc., and her.

Plaintiff's counsel argued the "[cooperative association] . . . voted to sell all their shares to the former owner," 500 Park Ave EO NJ, LLC. Plaintiff's counsel also argued they have "documentation that the Board of Directors convened and voted to sell the property." Additionally, counsel stated all the "shareholders minus Ms. Williams and . . . two other units voted to sell in accordance with the bylaws . . ."

After the sale, defendant did not dispute that she continued to live in unit nineteen without paying rent, maintenance fees, or any other expenses. Defendant justified her continued possession by arguing: 1) her occupancy was authorized by the Proprietary Lease, 2) plaintiff's proofs did not establish it properly obtained title to the property, and 3) the Special Civil Part did not have jurisdiction over the ejectment action in light of her disputed ownership claims.

Before us, plaintiff reprises the arguments it made before the Special Civil Part. Plaintiff specifically maintains defendant's claimed interest in unit nineteen did not appear in the plaintiff's chain of title, which reflected it possessed clear title to the building, and defendant and the other "unauthorized

occupants", were mere "former owners who … lost [their interests] after the sale of the … association…. "

Although not disclosed to the Special Civil Part Judge by defendant, we take judicial notice of the fact that plaintiff was involved in a prior action with 500 Park Avenue E.O., Inc.  In that action, 500 Park Avenue E.O, Inc., contended defendant had failed to pay her required maintenance fees and other expenses, and it sought possession of defendant's shares, defendant's stock certificate, the apartment, a judgment in the amount of $34,263.30 for unpaid monthly assessments and fees, a warrant of removal or writ of possession, unspecified compensatory damages, and counsel fees and costs.  See 500 Park Avenue E.O., Inc. v. Williams, A-3595-21 (App. Div. Oct. 16, 2023) (slip op. at 2-3).  According to 500 Park Avenue E.O., Inc.'s Bylaws and the Proprietary Lease between 500 Park Avenue E.O., Inc. and defendant, which was submitted in the record in that action, if a resident failed to pay monthly assessments, 500 Park Avenue E.O., Inc., had "the right to institute legal proceedings to obtain possession of both stock certificate and the allocated apartment."  Id. at 2.[1]

---

[1] Although defendant did not present the Special Civil Part with the complete Proprietary Lease, or the cooperative association's Bylaws, the entire lease and Bylaws were included in the record in the 500 Park Avenue E.O., Inc. v. Williams action.  We accordingly consider those materials as they are "records

After a trial, the court entered a judgment in favor of 500 Park Avenue E.O., Inc., in the amount of $55,350.08, representing $46,143.40 in unpaid monthly assessments and $9,206.68 in attorney's fees. Notably, it did not address 500 Park Avenue E.O., Inc.'s, request to obtain possession of the stock certificate, or its request for a warrant of removal and, instead, ordered exclusively monetary, as opposed to equitable, relief. Id. at 1. We affirmed that award. Id. at 6-7.

With respect to the Special Civil Part proceeding at issue, the court granted plaintiff's application and issued an order of ejectment but stayed the order until October 12, 2023. The court rejected plaintiff's jurisdictional challenges and found defendant's proofs failed to establish a right to possession. Instead, the court determined plaintiff met its burden of proof in establishing ownership of the property, the absence of a landlord-tenant relationship between the parties, and defendant failed to establish her right to possession.

On November 1, 2023, on defendant's ex parte application, the court entered an emergent stay of the ejectment order pending an appeal to us.

---

of the court in which the action is pending and of any other court of this state...." N.J.R.E. 201(b)(4); State v. Silva, 394 N.J. Super. 270, 274 (App. Div. 2007) (allowing the trial court to take judicial notice of materials in the record of a domestic violence court under N.J.R.E. 201(b)(4)).

Plaintiff thereafter moved before us to vacate the November 1, 2023 order. We remanded to the Special Civil Part for reconsideration, reasoning the "better practice would have been for the trial court to conduct a hearing and consider testimony from both parties before deciding the request for a stay or monetary security pending the appeal."

The court subsequently held a hearing consistent with our remand instructions. Defendant received notice of the proceeding but failed to appear.

At the conclusion of the hearing, the court entered an August 1, 2024, order conditioning the stay of execution of the order for possession on defendant's deposit of $23,000 with the court by August 15, 2024, and $2,300 on the first of each month thereafter. In its oral decision, the court expressly stated it was not substantively addressing defendant's contentions regarding any alleged defects in plaintiff's ownership interest. After defendant failed to satisfy the conditions of the August 1, 2024 order, the court entered a September 6, 2024 order vacating the stay and an October 2, 2024 order denying defendant's supplemental request for a stay.

On appeal, defendant raises the following points for our consideration:

> I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR AND DETERMINE THE MATTER. PURSUANT TO RULE 6:1-2(a)(4) AS THE MATTER WAS

6

OUTSIDE THE JURISDICTION OF THE SPECIAL CIVIL PART.

II.     THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPROPERLY ISSUED AN EX PARTE ORDER TO SHOW CAUSE IN THIS MATTER AS PLAINTIFF'S APPLICATION TO THE COURT ON ITS FACE PROVIDED NO LEGAL BASIS FOR A SUMMARY PROCEEDING PURSUANT TO R. 4:67-1(a)

A trial judge's factual findings made following a bench trial are accorded deference and will be left undisturbed so long as they are supported by substantial credible evidence. Reilly v. Weiss, 406 N.J. Super. 71, 77 (App. Div. 2009) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 483-84 (1974)). On the other hand, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A summary action for ejectment is a limited action brought by a party "claiming the right of possession of real property in the possession of another, or [a party] claiming title to such real property." See N.J.S.A. 2A:35-1; R. 6:1-2(a)(4) (authorizing summary actions pursuant to N.J.S.A. 2A:35-1 to -3, "where

7

the defendant has no colorable claim of title or possession"); see also J & M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 520 (2001). To prevail, the party seeking possession must demonstrate ownership of, or control over, the property and that the person facing ejectment has no right to remain at the property. See Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021). That is because new owners of property take possession subject to any tenancies. See Chase Manhattan Bank v. Josephson, 135 N.J. 209, 223 (1994).

Pursuant to N.J.S.A. 2A:35-1, "[a]ny person claiming the right of possession of real property in the possession of another, or claiming title to such real property, shall be entitled to have his rights determined in an action in the Superior Court." In Marder v. Realty Construction Co., 84 N.J. Super. 313, 320 (App. Div. 1964) (emphasis omitted), we observed there was "no doubt" that N.J.S.A. 2A:35-1 was "intended to allow a remedy to one who claims title to property in the possession of another." Thus, we concluded that "[t]he statute replace[d] the common law action of ejectment." Ibid.

"In an action in ejectment the plaintiff has the burden of establishing his title, and if he fails to establish a good paper title the judgment must go against him." Perlstein v. Pearce, 12 N.J. 198, 204 (1953). "[T]he plaintiff must recover

upon the strength of his own title, and . . . cannot rely upon the weakness of that of his adversary." Phoenix Pinelands Corp., 467 N.J. Super. at 615 (alterations in original) (quoting Troth v. Smith, 68 N.J.L. 36, 37 (Sup. Ct. 1902)). "If the plaintiff 'fails to support his own title, the defendant will retain possession until he is ousted by someone who has a superior title.'" Ibid. (quoting Troth, 68 N.J.L. at 37).

A cooperative apartment association a is form of property ownership which does not fit into traditional common law classifications. Plaza Road Coop., Inc. v. Finn, 201 N.J. Super. 174, 180 (App. Div. 1985). Typically, legal title to the real property of the housing development is held in a cooperative entity. Presten v. Sailer, 225 N.J. Super. 178, 184-85. Individuals, or residents, purchase shares of stock in the cooperative corporation. Id. at 185. This provides the individual the right "to occupy a dwelling within the cooperative project under a proprietary lease." Ibid. (citing Plaza Road Coop., Inc., 201 N.J. Super. at 175). "A cooperative apartment association . . . is governed by corporate law concerning its internal management." Plaza Road Coop., Inc., 201 N.J. Super. at 180.

Based on the limited record before us, we are unable to discern defendant's ownership interest, if any, in unit nineteen. This is so, because the record does

not contain competent evidence as to how 500 Park Avenue E.O., Inc., divested defendant of her thirty-six shares. Although we acknowledge the Bylaws and Proprietary Lease related to those shares authorized the cooperative association's board to commence judicial action against a shareholder to recover possession of the unit, and potentially divest them of those shares in the event of unpaid maintenance and assessments, and defendant indisputably failed to pay the required fees resulting in the $55,350.08 judgment in the 500 Park Avenue E.O., Inc. v. Williams action, the court in that proceeding granted monetary relief only, and did not divest defendant of her ownership interest, or eject her, as best we can discern from the record.

At the hearing in support of the order to show cause before the Special Civil Part, plaintiff's counsel contended 500 Park Ave EO NJ, LLC, took ownership of the entire building when it purchased all the shares in 500 Park Avenue E.O., Inc. Further, counsel argued it has evidence the "board of directors convened and voted to sell the property," yet plaintiff produced no supporting evidence before us, and none before the Special Civil Part as best we can discern from the record, to support these contentions. As noted, plaintiff relied on the title search which, even if accepted as accurate, does not address the disposition of defendant's shares.

A-0826-23

Accordingly, we remand for further proceedings. The court shall make factual findings and legal conclusions with respect to defendant's prior and current ownership interest in unit nineteen, and, in the event the court concludes defendant was defeased of her interest, how that divestment occurred.

In light of our remand, we do not address defendant's jurisdictional challenges other than to state, as noted, the Special Civil Part ordinarily has jurisdiction to resolve ejectment actions. If on remand, however, the court concludes the matter should not proceed summarily based on the nature of the proofs submitted and issues raised, the court can proceed in a manner that permits the proper development of the record to establish defendant's ownership in, or divestment of, her interest in unit nineteen.

Nothing in our opinion shall be interpreted as a reflection of our views of the outcome of the remanded proceedings, nor a limitation on any legal or equitable argument available to the parties related to defendant's disputed ownership interest addressed in this opinion. In light of our decision, the order of ejectment is stayed to permit the court to conduct the remanded proceedings. In the event the court determines ejectment is an appropriate remedy, the court shall consider whether a further stay is appropriate, and if any modification of the August 1, 2024, order is necessary.

A-0826-23

To the extent we have not specifically addressed any of defendant's arguments it is because we have concluded they are without sufficient merit to warrant discussion in a written opinion.  See R. 2:11-3(e)(1)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0826-23